611 So.2d 126 (1992)
Jonathan DYES, Leonard I. Cole, Jr., and Mary Leora Underwood Cole
v.
ISUZU MOTORS, LIMITED IN JAPAN; American Isuzu Motors, Inc.; Henderson Sellers Motor Company d/b/a Henderson Sellers Isuzu, and United Services Automobile Association.
No. CA 91 1455.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Rehearing Denied January 21, 1993.
*127 Darryl J. Carimi, Metairie, for plaintiff-appellant Jonathan Dyes.
E. Wade Shows, Baton Rouge, for defendant-appellee Henderson Sellers Motor Co. d/b/a Henderson Sellers Isuzu.
Jerry L. Saporito, Metairie, for defendant-appellee Isuzu Motors, Ltd.
Daniel A. Reed, Baton Rouge, for defendant-appellee United Services Auto. Ass'n.
Before WATKINS, CRAIN and GONZALES, JJ.
GONZALES, Judge.
This lawsuit arises from an automobile accident which occurred on May 17, 1989. Sheri E. Cole was driving a 1989 Isuzu pick-up truck, owned by plaintiff, Jonathan Dyes, who was a passenger in the front seat. The vehicle overturned, killing Ms. Cole and severely injuring Mr. Dyes.[1] On September 20, 1989, Jonathan Dyes allegedly signed a document, acknowledging receipt of $10,000.00 and releasing Sheri E. Cole and Fidelity, Fire and Casualty Company (the insurer for Jonathan's Isuzu). Ms. Cole was also insured under a policy of insurance issued to her father, Leonard Cole, by United States Service Automobile Association (hereinafter USAA) with limits of $300,000/$500,000. Jonathan named USAA as a defendant in his tort suit, and USAA responded with a motion for summary judgment on the basis that its insured had been released. Summary judgment was granted and USAA was dismissed. This appeal followed.
On appeal, Jonathan Dyes, makes the following assignments of error:
(1) The trial court erred in granting a motion for summary judgment on the basis of a release, when the alleged release has not been authenticated and in fact, the plaintiff has specifically denied the authenticity of the alleged release document.
(2) The trial court erred in granting a motion for summary judgment in favor of USAA on the basis of a release, where USAA was not specifically released in the alleged release document, did not participate in this alleged release, did not give any consideration for the release, and where Louisiana law no longer requires that the parties reserve rights in order to maintain a claim against a solidary obligor.
(3) The trial court erred in granting a motion for summary judgment where there were clear questions of fact as to whether the plaintiff, Jonathan Dyes, had mental capacity to execute such a release or where there are questions of fact as to motive and intent of the parties in entering into this release.
Plaintiff argues, on appeal, summary judgment was improperly granted on the basis of the release submitted by USAA. Although we would find no error herein in the consideration by the trial court of a release merely because a duplicate was offered, on motion for summary judgment,[2] for the reasons which follow we find merit to this assignment of error albeit for a different reason than that argued by plaintiff.
USAA stated in it's motion for summary judgment that it was entitled to summary judgment "on the grounds that the plaintiff has previously released his claims against [USAA's] insured in this matter and, accordingly, any claim against [USAA] is barred as a matter of law, for the reasons more fully set out in the accompanying memorandum." USAA's memorandum states "[a] copy of the release is attached hereto as Exhibit A."[3]
*128 Additionally, the record contained a request for admissions by USAA directed to Jonathan Dyes, requesting that he admit the attached "Release of All Claims" was a true copy of that executed by Jonathan and his father, Jerry B. Dyes, in September of 1989. In response to the request, Jonathan answered as follows:
The plaintiffs Jonathan Dyes and Jerry P. Dyes deny that Exhibit "A" is a "true copy of the `release of all claims'" on the grounds that plaintiffs have not seen the original and therefore can not comment on whether Exhibit "A" is a true copy of said original. Moreover, plaintiffs maintain that Exhibit "A" is not a properly executed release because it is not properly notarized since the certificate of the notary failed to indicate who appeared before him and the document is allegedly signed on September 20, 1989 and the notarization date is September 22, 1989. Additionally, Jonathan Dyes states that the document that he signed at the time of his signing was only signed by him. This document presented is not the same as the document he signed.
Jonathan Dyes admits that he did sign one or more documents and/or checks at the time he settled his case with Fidelity Fire & Casualty. He is able to admit that the document presented appears to contain a facsimile of his signature. Other than for that fact he can not state that this is in fact a copy of the document that he signed.
No other evidence, as authorized by La. C.C.P. art. 966, was contained in the record or noted in the minutes of court as having been introduced at the hearing on the motion for summary judgment.[4]
Louisiana Code of Civil Procedure, article 966 provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Memoranda are not considered pleadings under La.C.C.P. art. 852[5]; consequently, attachments thereto should not be considered by the trial court in resolving motions for summary judgments.[6] Since the duplicate of the release upon which judgment herein was predicated was attached to a memorandum and no other basis was presented for granting the motion for summary judgment, the trial court judgment should be reversed.
Although we might otherwise find merit in appellant's assignment of error arguing a question of fact exists as to his capacity in executing a release, appellant's proof is also not properly filed in the record. The question of fact which appellant alleges remains with regard to his mental capacity at the time the release was signed, was not raised in any document contained in the record at the time the summary judgment was rendered. As shown in attachments to plaintiff's appellate brief, plaintiff alleged mental incapacity in his Statement of Contested Issues of Fact and by affidavit of Jerry Dyes; however, these documents do not appear in the trial court record. An appeal of a trial court decision on a motion for summary judgment will be decided on the evidence which was in the record at the time the trial court rendered its judgment. Blount v. Exxon Corporation, 395 So.2d 355 (La.App. 1st Cir.1981). Since these documents were not present in the trial court record, they cannot be considered in determining whether a factual issue remains.
Though it might appear that a reversal herein on the basis stated results from an overly strict application of procedural provisions, summary judgment which *129 deprives a litigant of a trial on the merits is not a substitute for trial and is to be made use of only in those cases which clearly fall within codal authority. Iberia Savings & Loan Association, 569 So.2d 1118 (La.App. 3d Cir.1990), writ denied, 573 So.2d 1120 (La.1991); Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.), writ denied, 457 So.2d 1194 (La.1984); Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir.), writs refused, 244 La. 218, 219, 151 So.2d 692 (La.1963). It is evident from the instant litigation that an anomalous outcome can result when procedural rules are disregarded. In this case, defendant's evidence though improperly submitted was considered by the trial court, whereas plaintiff's evidence, untimely submitted, was not. Consequently, we believe it is necessary in the case of motions for summary judgment to strictly adhere to procedural rules.
We deem it unnecessary to address appellant's remaining assignment of error. Accordingly, the judgment of the trial court, granting summary judgment in favor of and dismissing USAA, is reversed. The matter is remanded to the trial court for further proceedings; each party to bear his own costs of this appeal.
REVERSED AND REMANDED.

ON REHEARING
Applicant's argument that "the release was attached to an `admission on file' as provided by Article 966" is without merit. Although a copy of the purported release was attached to defendant's request for admission, a request for admission is not a pleading under La.C.C.P. art. 852 or other document which can be considered under La.C.C.P. art. 966 on motion for summary judgment. A trial court can consider answers to interrogatories and/or admissions on file in rendering judgment on a motion for summary judgment; however, plaintiff did not admit signing the release he was asked to admit and plaintiff did not attach a copy of the release to any pleading or admission which he filed into the record. Accordingly, the application for rehearing is denied.
APPLICATION FOR REHEARING DENIED.
NOTES
[1] Mr. Dyes alleged in his petition that he has "suffered severe and permanent injuries, which injuries have rendered him brain damaged and with permanent physical impairments."
[2] Under La.C.E. arts. 1001, 1002, and 1003, a duplicate of an original document "is admissible to the same extent as an original unless ... a genuine question is raised as to the authenticity of the original...." (Emphasis added.) We do not believe plaintiff has raised "a genuine question" as to the authenticity of the release submitted by defendant.
[3] The affidavit of Alan W. Krapf, an underwriting director for USAA, verifying an attached duplicate of Leonard Cole's automobile insurance policy was also attached to the memorandum.
[4] Attached to the brief of plaintiff on appeal was a copy of an affidavit by Jerry B. Dyes, and medical and police reports; however, these documents do not appear in the record.
[5] La.C.C.P. art. 852 provides, in pertinent part: "The pleadings allowed in civil actions, whether in a principal or incidental action shall be in writing and shall consist of petitions, exceptions, written motions, and answers."
[6] Under La.C.C.P. art. 853, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."