642 So.2d 208 (1994)
Kathy W. ANDERSON, et al.
v.
ALLSTATE INSURANCE COMPANY, et al.
No. CA 93 1102.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
Reasons for Grant of Rehearing August 25, 1994.
*209 John W. deGravelles, Baton Rouge, Donald Cascio, Denham Springs, for appellant, Kathy W. Anderson, et al.
Ben Day, Baton Rouge, for appellee, State Farm Mut. Auto. Ins. Co.
Calvin E. Hardin, Jr., Baton Rouge, for appellee, Shelby Ins. Co.
Donald R. Smith, Baton Rouge, for appellee, Allstate Indem. Co. (Allstate Ins. Co.).
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.

FACTS
Plaintiffs, Kathy and Marc Anderson, are appealing the granting of State Farm's motion for summary judgment on the issue of uninsured motorist coverage. On March 15, 1991, Mr. Anderson visited his State Farm agent for the purpose of adding his 1989 Chevrolet pickup truck to his existing State Farm automobile coverages. Because the truck was an additional vehicle rather than a replacement vehicle, a new insurance policy was written, with an effective date of February 19, 1991, the date he purchased the truck. Mr. Anderson signed a form indicating he rejected uninsured motorist coverage. On June 14, 1991, Mr. Anderson was involved in an automobile accident in which his car was hit by an uninsured/underinsured motorist. The Andersons, individually and on behalf of their two minor children, filed suit against various parties including State Farm to recover for their injuries and losses as a result of the automobile accident. State Farm filed a motion for summary judgment, alleging that Mr. Anderson had rejected uninsured motorist coverage.
After a hearing, the trial court granted the motion for summary judgment. The Andersons are appealing that judgment. They make two assignments of error.
1. The trial court erred in granting State Farm's motion for summary judgment when the evidence in the record shows that Mr. Anderson was not given the opportunity to make an informed, conscious choice as to whether he wanted uninsured/underinsured motorist coverage on his automobile policy.
2. The trial court erred in granting State Farm's motion for summary judgment when the evidence in the record shows that State Farm's rejection form did not meet the requirements of La.R.S. 22:1406(D) by offering Mr. Anderson the three options required by law.
Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Under La.C.C.P. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). The liberal construction of the UM statute requires that the statutory exceptions to the coverage requirement be interpreted strictly. The insurer bears the burden of proving that the insured rejected UM coverage in writing. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987).

ASSIGNMENT OF ERROR NO. 1: THE INFORMED CHOICE ISSUE
State Farm filed into the record a request for admissions and attached a copy of Mr. Anderson's insurance policy, including the uninsured motorist rejection form at issue, and an affidavit by the insurance agent. The affidavit by State Farm agent Steve Yarborough states:
Prior to Mr. Anderson's execution of this rejection form I discussed with him in detail all the coverages on all his vehicles, *210 what these coverages provided, and the cost of adding or dropping the various coverages. At the time he rejected the uninsured/underinsured motorist coverage on the 1989 Chevrolet pick-up Mr. Anderson was aware, and indicated his awareness, of what those coverages provided, and he indicated to me that he wished to reject those coverages entirely, Mr. Anderson executed the rejection form to do so.
A request for admissions is considered a pleading, therefore these items attached to this pleading were properly before the trial court on the motion for summary judgment.
However, a review of the record shows that the only countervailing "affidavit" Mr. Anderson, found at page 163 of the record, is defective. This "affidavit" is not signed or notarized, and further, is attached to plaintiff's memoranda in opposition to the motion for summary judgment.[1] An affidavit which is not signed and notarized cannot be considered by the trial judge. Porche v. City Of New Orleans, 523 So.2d 2, 3 (La.App. 4th Cir.1988). Unsworn and unverified documents are not of sufficient evidentiary quality to be given weight in determining whether there is a genuine issue of material fact. Landry v. Stein, 497 So.2d 1075, 1077 (La. App. 5th Cir.1986); Continental Casualty Company v. McClure, 313 So.2d 260, 262 (La.App. 4th Cir.1975). Moreover, memoranda are not considered pleadings under La.C.C.P. art. 852; consequently, attachments thereto should not be considered by the trial court in resolving motions for summary judgments. Dyes v. Isuzu Motors, Limited In Japan, 611 So.2d 126, 128 (La. App.1st.Cir.1992).
There was no properly executed affidavit creating a material issue of fact as to whether Mr. Anderson made an informed choice. The affidavit of the State Farm agent which establishes that the agent discussed with Mr. Anderson all the options available to him, and that Mr. Anderson then rejected uninsured motorist coverage, is not disputed by any valid countervailing affidavit. Therefore, this assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2: THE THREE OPTIONS ISSUE
Mr. Anderson cites Tugwell v. State Farm Ins. Co., 609 So.2d 195, 198 (La.1992), which provides that:
The UM statute provides that UM coverage in an amount equal to the liability limits is automatic unless such coverage is completely rejected or the lower limits are selected. The statute thus provides the insured with three options: UM coverage equal to bodily injury limits in the policy, UM coverage lower than those limits, or no UM coverage. A rejection on a form that prohibits the insured from choosing limits below liability coverage or which automatically chooses a certain lower amount for the insured, does not meet the statutory requirements because it forecloses options available to the insured by law.
In Tugwell, the court found an umbrella liability policy application form which only provided a space for the insured to reject coverage completely did not provide the insured with the option of choosing limits lower than the liability coverage; therefore, the policy failed to meet the requirements of the statute. In another case relied on by Mr. Anderson, Henson v. Safeco Insurance Companies, 585 So.2d 534, 539 (La.1991), the court held that "the insurer must place the insured in a position to make an informed rejection of UM coverage." In Henson, the rejection language was not conspicuous on the application, and there was no separate signature line for the insured to sign or initial and thereby indicate a specific intent *211 to reject UM coverage. The court held that Mr. Henson merely signed the completed application form and did not affirmatively make any specific indications regarding the rejection of UM coverage. We also note that in Henson, the insurance agent did not testify at trial.
The form used by State Farm and signed by Mr. Anderson is shown below.

We find, that, under the facts of this case, the form used provided the required three options for the insured. Mr. Anderson could simply sign the form, thus triggering automatic uninsured coverage in the amount of the bodily injury liability coverage; or check the first box, selecting uninsured motorist coverage with lower limits, filling in the blanks for the desired amount; or check the second box, rejecting uninsured motorist coverage completely. We do note that the sentence "I acknowledge and agree that I have the right to be provided with Uninsured Motor Vehicle Coverage in amounts not less than the limits of my automobile bodily injury liability insurance and:" could be considered confusing if the facts of the case indicated that Mr. Anderson had conveyed to the insurance agent the desire to purchase uninsured motorist insurance in an amount equal to his bodily injury liability insurance. However, the affidavit of State Farm's insurance agent establishes that the agent discussed the options available to Mr. Anderson and that Mr. Anderson affirmatively rejected uninsured motorist coverage. The box for rejection of uninsured motorist coverage is checked off, and the form is signed by Mr. Anderson.
Under the facts of this case, we find that there is no genuine issue of material fact as to the rejection of uninsured motorist coverage by Mr. Anderson, and that State Farm was entitled to summary judgment as a matter of law. Therefore, for the foregoing reasons, the trial court judgment is affirmed. Costs are assessed against the appellants, Kathy and Marc Anderson.
AFFIRMED.
WHIPPLE, J., dissents for reasons assigned.
WHIPPLE, Judge, dissenting.
I disagree with the majority's holding that, under the facts of this case, the form used by State Farm Mutual Automobile Insurance Company provided the statutorily and jurisprudentially required options for the insured. In Tugwell v. State Farm Ins. Co., 609 So.2d *212 195, 197 (La.1992), our Supreme Court recently reiterated the requirements for a valid rejection or selection of lower UM limits:
This court has held a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. Henson v. Safeco Insurance Companies, 585 So.2d 534, 538 (La.1991); Giroir v. Theriot, 513 So.2d 1166, 1168 (La.1987); A.I.U. Insurance Co. v. Roberts, 404 So.2d 948, 951-52 (La.1981). Further, the insurer must place the insured in a position to make an informed rejection of UM coverage. Henson, 585 So.2d at 589. In other words, the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
After carefully reviewing the form involved in this case, I can not conclude that it meets the requirements of Tugwell. The printed form involved herein informs the insured of his right to UM coverage for "bodily injury, sickness or disease, including death, caused by owners or operators of uninsured or underinsured motor vehicles ... in amounts not less than the limits of ... automobile bodily injury liability insurance" but then provides only two options for the insured: (1) the selection of lower limits of UM coverage, with blanks provided for the insertion of the lower amounts; or (2) the rejection of UM coverage completely.
In the instant case, I find the form misleading and defective, as a matter of law. Recognizing (or acknowledging) the insured's statutory right to UM coverage equal to liability limits, while foreclosing the insured's opportunity to exercise that right by the form's omission of a box or blank, clearly provided for that purpose, renders the form fatally defective, in my opinion.
In view of the strong public policy behind the statutory requirement of UM insurance and the rule that insurance policies are to be liberally construed in favor of UM coverage, as set forth in Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991), I respectfully disagree with the majority's finding that State Farm is entitled to judgment as a matter of law.[1]
As this court has previously stated in Jordon v. Honea, 407 So.2d 503, 506 (La.App. 1st.Cir.1981), writs denied, 409 So.2d 654, 660 (La.1982):
[T]he expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid rejection if the expression of rejection does not meet the formal requirements of law.
For the foregoing reasons, I respectfully dissent.
Before CARTER, GONZALES and WHIPPLE, JJ.

ON REHEARING
GONZALES, Judge on rehearing.
We erred in our original opinion by categorizing the request for admissions as a pleading. Louisiana Code of Civil Procedure article 852 defines pleadings as "petitions, exceptions, written motions, and answers." A request for admissions and its attendant answers are discovery devices similar to depositions and interrogatories which may be properly considered in a motion for summary judgment. Documents properly attached to these discovery devices likewise may be considered on a motion for summary judgment.
In the 1989 Regular Session of the legislature, Act 388 was enacted to amend La.C.C.P. arts. 1446 and 1474.[1] The Act was *213 apparently designed to relieve various clerks of court from an overload of paperwork and to conform Louisiana practice to federal practice, which authority was the source of many of the discovery and summary judgment articles in the Louisiana Code of Civil Procedure. Prior to the 1989 amendments to La.C.C.P. art. 1474, requests for admissions were routinely filed into the suit record. Likewise, prior to the amendment, depositions were required to be filed into the record in an envelope under the appropriate case number by the court reporter taking the deposition. The amendment to La.C.C.P. arts. 1446 and 1474 changed this process and specifically declared that depositions, interrogatories and answers thereto, requests for production and inspection, and requests for admissions shall not be filed in the record of the proceeding. The amended articles specifically provided that under the proper circumstances these documents could be used at trial. Although no reference was made to their use with summary judgment, it is clear that there was no intent to preclude the use of these documents in connection with summary judgments.[2] The summary judgment article, La.C.C.P. art. 966, (prior to the amendment and now) reads in pertinent part:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to a judgment as a matter of law. (Emphasis added.)
When these documents were routinely filed into the record, there was no confusion about what was on file. However, now that the supporting documentation is no longer filed into the record, the appropriate process for summary judgment is to file the motion for summary judgment and to attach to the motion any depositions, answers to interrogatories, admissions and affidavits which the moving party wishes to have considered. The written motion for summary judgment itself is a pleading under La.C.C.P. art. 852; and written documents may be attached to pleadings and made a part thereof for all purposes. La.C.C.P. art. 853. Where an important document sought to be the basis for a summary judgment needs to be filed, and it is not already attached to one of the admissible discovery devices, the most appropriate method for getting the document into the record is to simply attach the written document to the motion for summary judgment and to list it as an exhibit. (If the document requires authentification, the better method may be to attach it to an affidavit which provides the appropriate information.)
It is essential that evidentiary documentation, on which a party is relying for summary judgment, be it deposition testimony, documents, exhibits or otherwise, be called to the attention of both the court and the opposing party. The requirement of La. C.C.P. art. 966(B) that the motion for summary judgment be served at least ten days before the time specified for the hearing is designed to give fair notice of the evidentiary and legal bases for the motion. The adverse party then has time to respond with evidentiary documentation of his own, either in the form of affidavits or discovery devices, and to be prepared to meet the legal argument of the moving party.
*214 Under the facts of the case at hand, a motion for summary judgment was filed by the defense asking that summary judgment be granted on the pleadings. No reference was made to what evidence the moving party intended to rely upon for his contention that no material issue of fact existed and that he was entitled to a judgment as a matter of law. No reference to exhibits was made in the motion. No document whatsoever was attached to the pleadings. Attached to the motion was a legal memorandum. Attached to the memorandum was a document claimed to be an Uninsured Motorist Rejection Form. A legal memorandum or a brief is not a pleading or evidence and there is no requirement that it be filed. Unlike the pleadings, depositions, interrogatories and admissions, a legal memorandum has no independent admissibility.[3]
The implementation of the 1989 amendment to the discovery rule, combined with the practice of filing memos with copies of the documents attached thereto, seems to have caused problems with clerks of court in determining what constitutes the appellate record. Apparently, in the case sub judice, legal memoranda were deleted from the appellate record and thus the attached documents were also deleted. Louisiana Code of Civil Procedure article 966 says that a summary judgment should be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." An affidavit, with the alleged uninsured motorist rejection form, was filed in connection with the motion for summary judgment in the case herein. It is clear that an affidavit submitted in connection with a summary judgment is on file and should be part of the record. This alone would be reason enough to find that the uninsured motorist rejection form herein was properly before the trial court.
In this case, the trial court ruled in favor of the moving party (the defendant) with regard to the interpretation of the document, and the plaintiff appealed. In the case sub judice, the appeal record initially did not contain the legal memorandum and thus did not contain the document which was the subject of the appeal. The parties then entered into a stipulation, supplemented the record, and asked the trial court to order that the legal memoranda of both sides, along with the documents attached, be considered as having been part of the trial court record; they also stipulated that the document was considered by the trial court.[4] The fact that there had to be a motion to supplement because an important document was attached to a legal memorandum points out the hazards of attempting to introduce a document in this manner.
We recognize the technical nature of requiring exactitude in the presentation of evidence for consideration on a motion for summary judgment. However, as noted in Dyes v. Isuzu Motors, 611 So.2d 126 (La. App. 1st Cir.1992), motions for summary judgment are important matters, and the evidentiary basis of a court's decision should be clear and not subject to conjecture and dispute. Dyes, 611 So.2d at 128-129.
In Dyes on rehearing, we made the following statement: "Although a copy of the purported release was attached to defendant's request for admission, a request for admission is not a pleading under La.C.C.P. art. 852 or other document which can be considered under La.C.C.P. art. 966 on motion for summary judgment." Dyes, 611 So.2d at 129. We reaffirm our position that a request for admission is not a pleading. However, the statement that it is not another document which can be considered under La.C.C.P. art. 966 on a motion for summary judgment is not correct. Where the proper execution of a document is denied, in answer to a request for admission, that document alone cannot serve as a basis for a motion for summary judgment. The disputed nature of the document raises a material issue of fact. The rest of the language on rehearing on *215 Dyes makes it clear that the plaintiff did not admit to having executed the release, and the dispute as to this material issue of fact prevented the release standing alone from forming the proper basis for a motion for summary judgment.

THE MERITS OF THE CASE
In our original opinion, we noted the first part of the sentence "I acknowledge and agree that I have the right to be provided with Uninsured Motor Vehicle Coverage in amounts not less than the limits of my automobile bodily injury liability insurance and:" could be considered confusing. On reconsideration, we believe that it is sufficiently ambiguous and confusing to fail the requirement of Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992), that the rejection "must be clear and unmistakable." It is not clear because "and:" at the end of the introductory sentence and before the two options can be read two ways. It could be interpreted to mean "I acknowledge and agree that I have the right to be provided with Uninsured Motor Vehicle Coverage in amounts not less than the limits of my automobile bodily injury liability insurance and I select UM coverage with lower limits of $_____"; and "I acknowledge and agree that I have the right to be provided with Uninsured Motor Vehicle Coverage in amounts not less than the limits of my automobile bodily injury liability insurance and I reject uninsured motorist vehicle coverage completely" as two complete thoughts affording the insured only two options, which is prohibited by Tugwell.
It could also be read that the first part of the sentence before the "and:" stands alone and affords the insured the third option of equal limits simply by signing the form. This ambiguity is solely caused by the insurance company's structure of the form, and no resort to extraneous evidence, such as the affidavit of State Farm's insurance agent, showing the intent of Mr. Anderson, is necessary. The civil law has well-developed codal law and jurisprudential doctrines for interpreting contracts and provides that parole evidence is not admissible to vary the terms of a written document unless fraud, error or duress are alleged. La.C.C. art. 1848. The affidavit of the State Farm insurance agent, relied on strongly by us in our original opinion, was advanced by State Farm to support its interpretation of the ambiguity in the contract. Under La.C.C. art. 2056, the ambiguity must be construed against the maker, State Farm. (There is no dispute that this was an insurance company form.) Construing against the maker herein means that State Farm has not proven a valid rejection form.
We likewise note the ambiguity of the words "to be provided with uninsured motorist coverage" as recently noted by the Third Circuit in Holbrook v. Holliday, No. 93-1639, pp. 5-6 640 So.2d 804, 808 (La.App. 3rd Cir., 6/1/94). This language speaks to later conduct, not present action.
It is clear from Tugwell and other expressions of the Louisiana Supreme Court in areas of uninsured motorist coverage and summary judgments that the appellate courts are going to require extreme clarity in these types of forms. We specifically do not adopt the "four corners" doctrine which was likewise rejected by the Second Circuit in Young v. Shelter Insurance Company, 604 So.2d 199, 202 (La.App. 2d Cir.), writ denied, 607 So.2d 559 (La.1992). The incorporation of a criminal law concept relative to search warrants and the inadmissibility of any evidence not contained within the four corners of a document is unnecessary. Our reason for rejecting the "four corners" doctrine is that it would exclude all evidence of intent or understanding on a rejection form that finally passes appellate review.
Therefore, because we find that the uninsured motorist rejection form at issue does not meet the requirements of Tugwell, we reverse the trial court's granting of the motion for summary judgment. Costs are to be assessed after trial on the merits.
REVERSED.
NOTES
[1] A footnote to this memorandum states "The attached affidavit form is submitted unsigned but will be submitted in proper form in the same sum and substance at or before argument." However, a thorough search of the record reveals no other affidavit.

We also note that a footnote to Mr. Anderson's brief states: "While the affidavit of Marc Anderson which is included in this record is unsigned, the parties to this appeal have stipulated that this was, indeed, the affidavit that was present in the record and considered by the Trial Court in rendering its decision."
While the parties have stipulated that this unsigned, unnotarized document was the one presented to the trial court, they cannot, by stipulation (or waiver) endow this document with evidentiary weight which it does not possess.
[1] While I recognize that the third circuit approved the use of this form in Allen v. State Farm Mutual Automobile Insurance Company, 617 So.2d 1308 (La.App. 3rd Cir.1993), I must disagree with our colleagues on the third circuit in their finding that this form satisfies the criteria set forth in Tugwell.
[1] Act 388 states, in pertinent part:

"To amend and reenact Code of Civil Procedure Articles 1446 and 1474, relative to discovery in civil proceedings, to provide that certain discovery materials shall not be filed in the record of the proceedings under certain circumstances, ..."
A. (1) The officer or person recording the testimony shall certify on the deposition that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of (here insert name of witness)" and shall promptly send it by registered or certified mail to the party at whose request the deposition was taken, who shall become the custodian of the deposition. "The original of the deposition shall not be filed in the record, but shall be made available to all other parties in the matter for inspection or copying.... (Emphasis added.)
* * * * * *
B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, unless filing is required under the provisions of Paragraph C of this Article or unless ordered to be filed by the court." (Emphasis added.)
[2] We express no opinion as to whether or not documents in connection with summary judgments must be admissible under the Louisiana Evidence Code. Affidavits have their own special requirements of admissibility, such as personal knowledge. See La.C.C.P. art. 967.
[3] Under the local rules of some federal courts, legal memoranda and briefs are made part of the record for summary judgment purposes.
[4] The affidavit attached to plaintiff's memo is treated in our original opinion.