CARTER, C.J.
 

 IsThis is an appeal of a partial summary judgment dismissing the plaintiffs’ claims against the estate of the driver whose vehi-
 
 *874
 
 ele crossed the interstate median and collided with plaintiffs’ vehicle.
 

 FACTS AND PROCEDURAL HISTORY
 

 This suit arises from a motor vehicle accident that occurred on Interstate 12, near Covington, Louisiana. At this stage of the proceedings, it is undisputed that the accident occurred when Sharon Bolton’s vehicle, which was traveling westbound, crossed the center median, entered the eastbound lanes, and collided with another vehicle. Bolton died as a result of the injuries she sustained in the accident. The driver of the other vehicle, Jerry Nelson, and his passenger, Jessica Gatlin, were seriously injured and filed the instant suit. The named defendants include Bolton’s estate (“the estate”) as well as Guy Kleinheitz, who was also traveling westbound at the time of the accident, and who plaintiffs allege caused Bolton to lose control of her vehicle.
 
 [1]
 

 The estate filed a motion for summary judgment seeking dismissal of all claims against it, contending that Bolton’s vehicle was struck by another westbound vehicle, which caused Bolton to lose control. The estate supported the motion for summary judgment with the deposition of a witness to the accident who testified she saw a vehicle hit Bolton’s vehicle before Bolton lost control. The estate claimed Bolton was free of fault in causing the accident, and entitled to summary judgment. The estate specified that it|4was not moving for summary judgment on the issue of whether Kleinheitz was the driver of the other westbound vehicle involved.
 

 In response to the motion for summary judgment, Nelson (one of the two plaintiffs) filed a “Response to Statement of Material Facts on Summary Judgment.” Therein, he stated that all witnesses had testified that another vehicle contacted Bolton’s vehicle before she lost control and also stated he was not in possession of any evidence to dispute the statement that Bolton did not do any act that caused her vehicle to go out of control. Gatlin (the second plaintiff) joined in Nelson’s position. Kleinheitz did not oppose the motion for summary judgment and did not participate in the hearing on the matter.
 

 After the hearing, the trial court orally ruled that it found the law and evidence in the estate’s favor and granted the motion. Before a judgment was presented for signature, Kleinheitz filed a “Response to Statement of Material Facts on Summary Judgment” and attached a copy of his deposition, which had been previously filed into the record in connection with an exception of no cause of action. The trial court signed the judgment, granting the motion for summary judgment and dismissing the claims against the estate, with prejudice. Kleinheitz now appeals.
 
 [2]
 

 
 *875
 
 SUMMARY JUDGMENT
 

 A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. It should be |Rgranted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, the movant’s burden does not require him to negate all essential elements of the adverse party’s claim. Rather, the movant need only show that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2);
 
 LeBlanc v. Bouchereau Oil Co., Inc.,
 
 08-2064 (La.App. 1 Cir. 5/8/09), 15 So.3d 152, 155. If, however, the movant fails in his burden to show an absence of factual support for one or more of the elements of the adverse party’s claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment.
 
 LeBlanc,
 
 15 So.3d at 155. Even in the absence of opposition, the movant must show entitlement to summary judgment.
 
 Baker v. Ingram,
 
 447 So.2d 101, 102 (La.App. 4 Cir.1984).
 

 Appellate courts review summary judgment
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Granda v. State Farm Mut. Ins. Co.,
 
 04-2012 (La.App. 1 Cir. 2/10/06), 935 So.2d 698, 701. Material facts are those that potentially insure or preclude recovery, affect the litigant’s success, or determine the outcome of a legal dispute. Because it is the applicable substantive law that determines materiality, whether a particular fact in | (¡dispute is material can be seen only in light of the substantive law applicable to the case.
 
 Gomon v. Melancon,
 
 06-2444 (La.App. 1 Cir. 3/28/07), 960 So.2d 982, 984,
 
 writ denied,
 
 07-1567 (La.9/14/07), 963 So.2d 1005;
 
 LeBlanc,
 
 15 So.3d at 155.
 

 DISCUSSION
 

 As stated previously, at this stage of the proceedings, it is undisputed that the accident occurred when Bolton’s vehicle left the westbound lanes and entered the eastbound lanes of Interstate 12. Therefore, as these facts establish, Bolton’s vehicle was in the wrong lane of travel and collided with a vehicle in its correct lane of travel. A presumption of negligence arises when a driver leaves her own lane of traffic and strikes another vehicle.
 
 Shephard v. Scheeler,
 
 96-1690, 96-1720 (La.10/21/97), 701 So.2d 1308, 1318. Once a
 
 prima facie
 
 case of negligence is established by way of the presumption, it is the driver’s burden to show that she was not guilty of any dereliction, however slight, that might have had casual connection with the accident.
 
 King v. Louviere,
 
 543 So.2d 1327, 1331 (La.1989);
 
 Rizley v. Cutrer,
 
 232 La. 655, 95 So.2d 139, 140-141, 142 (1957). Thus, at trial, the estate would bear the burden of exculpating Bolton from any fault contributing to the accident.
 
 See Stapleton v. Great Lakes Chemical Corp.,
 
 93-1355, 93-1459 (La.11/29/93), 627 So.2d 1358, 1361;
 
 King,
 
 543 So.2d at 1331.
 

 The estate moved for summary judgment seeking dismissal of plaintiffs’ claims against it on the basis that Bolton was free of fault. As the mover who would bear the burden of proof at trial, it was the estate’s
 
 *876
 
 burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
 
 See
 
 LSA-C.C.P. art. 966 B. The estate supported its motion for summary judgment "with the deposition testimony of |7Harriet Tansiel, who was also traveling westbound and witnessed the accident. Tansiel testified that a sport utility vehicle was following closely behind Bolton’s vehicle in the “fast lane.” She explained that as the following vehicle attempted to pass Bolton’s vehicle, it struck the rear bumper of Bolton’s vehicle.
 
 [3]
 
 Tansiel testified that after Bolton’s vehicle was struck, Bolton lost control, and her vehicle began spinning, crossed the interstate median, entered the lanes of eastbound traffic, and collided with the plaintiffs’ vehicle. The following vehicle, which Tansiel says first struck Bolton’s vehicle, did not stop. The estate contends this exonerates Bolton from any liability.
 

 In response to the estate’s motion for summary judgment, plaintiffs essentially agreed with the estate’s position, suggested that Kleinheitz was involved, and cited Kleinheitz’s deposition testimony. Plaintiffs then referred the court to a memorandum previously filed into the record in connection with an exception, with excerpts of Kleinheitz’s deposition testimony attached.
 

 One issue raised on appeal is whether Kleinheitz’s deposition testimony can be considered for purposes of the motion for summary judgment. The estate maintains that since the deposition testimony was not attached to a pleading and was not offered and introduced into evidence, it cannot be considered, citing
 
 Dyes v. Isuzu Motors Ltd. in Japan,
 
 611 So.2d 126 (La.App. 1 Cir.1992). In
 
 Dyes,
 
 this court concluded that a document identified as a release, which had been attached to a [ ^memorandum, could not be considered in ruling on the motion for summary judgment, stating, “[memoran-da are not considered pleadings ... consequently, attachments thereto should not be considered by the trial court in resolving motions for summary judgments.”
 
 Dyes,
 
 611 So.2d at 128. We agree with the legal principle stated, but disagree that it applies to the situation presented here.
 

 Louisiana Code of Civil Procedure article 966 B sets forth the documentation to be considered on a motion for summary judgment, stating, “[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Article 966 B specifically authorizes consideration of depositions. This includes any depositions “on file,” even if simply attached to a memorandum.
 
 Aydell v. Sterns,
 
 98-3135 (La.2/26/99), 731 So.2d 189-190 (holding that information contained in affidavits
 
 and depositions
 
 submitted as attachments to a memorandum were properly before the trial court and appellate court for purposes of a motion for summary judgment).
 
 See also Hutchinson v. Knights of Columbus, Council No. 5747,
 
 03-1533 (La.2/20/04), 866 So.2d 228, 232 (holding that “[ajffida-vits in support of or in opposition to motions for summary judgment must be filed into evidence at the hearing on the motion
 
 or filed into the record
 
 in order for the affidavits to be part of the record on appeal.” (Emphasis added.)). Article 966 B does not require that deposition testimony
 
 *877
 
 already filed in the record be introduced into evidence at the hearing on the motion for summary judgment.
 

 |flKleinheitz’s deposition testimony was “on file” within the meaning of Article 966 B.
 
 [4]
 
 Nelson’s response to the motion for summary judgment directed the trial court’s attention to the deposition testimony. Thus, Kleinheitz’s deposition testimony will be considered during this court’s
 
 de novo
 
 review.
 
 [5]
 

 See Johnson v. Slidell Memorial Hospital,
 
 552 So.2d 1022, 1023 (La.App. 1 Cir.1989), writ denied, 558 So.2d 571 (La.1990).
 
 See also Boland v. West Feliciana Parish Police Jury,
 
 03-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 814-815,
 
 writ
 
 denied, 04-2286 (La.11/24/04), 888 So.2d 231 (finding that deposition excerpts could be considered on a motion for summary judgment, whether filed with motion or memorandum).
 

 In his deposition, Kleinheitz admits that he was driving in proximity to Bolton before she lost control, but denies that their vehicles came into contact. Rather, Kleinheitz contends that as he was passing Bolton’s vehicle, she attempted to enter his lane of travel, then jerked the wheel to the left to correct herself into her lane of travel, which caused her to lose [ incontrol. Kleinheitz admits he witnessed the accident, but did not stop and proceeded on to his destination.
 

 As the party moving for summary judgment, the estate’s burden was to come forward with evidence sufficient to rebut the presumption that Bolton, the driver of the vehicle that crossed into the wrong lanes of travel, was free of fault. Although one witness attested that Bolton’s vehicle was struck by another before losing control, Kleinheitz attested that Bolton lost control when she overcorrected. At this stage, a determination regarding liability would require a credibility determination. Credibility is a question for the trier of fact and cannot be resolved by the court in deciding a motion for summary judgment.
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 236. Considering this, summary judgment is not appropriate here.
 
 [6]
 

 CONCLUSION
 

 For the foregoing reasons, the judgment appealed, which granted summary judg
 
 *878
 
 ment and dismissed all claims against the estate, is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the estate.
 

 REVERSED.
 

 GUIDRY, J., concurs in the result.
 

 [1]
 

 . The petition alleges that Kleinheitz was in the course and scope of his employment when the accident occurred, and names his employer as a defendant. Whether Kleinheitz was in the course and scope of his employment is not at issue in this appeal. Thus, arguments presented by Kleinheitz and his employer are referred to herein as being advanced by ''Kle-inheitz.''
 

 [2]
 

 . Although Kleinheitz did not timely oppose the motion for summary judgment, he did not confess judgment or voluntarily and unconditionally acquiesce in the judgment, and is therefore not precluded from appealing.
 
 See
 
 LSA-C.C.P. art. 2085;
 
 Andrus v. Police Jury of Lafayette Parish,
 
 266 So.2d 535, 537-538 (La.App. 3 Cir. 1972). However, this court's appellate review is limited to the evidence that was in the record at the time the trial court rendered its judgment.
 
 Dyes v. Isuzu Motors, Ltd. in Japan,
 
 611 So.2d 126, 128 (La.App. 1 Cir.1992).
 

 [3]
 

 . We note that it has not been clearly established how the vehicles were positioned prior to their alleged contact. However, that is not pertinent to this appeal, as the estate relies on the fact of contact alone to support its motion for summary judgment.
 

 [4]
 

 . During oral argument, an issue was raised as to whether the deposition testimony is appropriate for consideration because it is not the complete deposition and consists of excerpts only. Although this issue was not briefed, we note that it is meritless as LSA-C.C.P. art. 1450 allows the use of any part or all of a deposition for purposes of a motion for summary judgment.
 
 Cf. Boland v. West Feliciana Parish Police Jury,
 
 03-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 815,
 
 writ denied,
 
 04-2286 (La.11/24/04), 888 So.2d 231.
 

 Also raised for the first time was the argument that the deposition excerpts were not properly "on file” because they had been filed into the record in connection with a peremptory exception raising the objection of no cause of action, on which no evidence can be introduced.
 
 See
 
 LSA-C.C.P. art. 931. We note that this issue was not briefed and no supporting legal authority was cited during oral argument. We find no merit to the argument. The court is not reviewing the deposition testimony for the purpose of determining whether the plaintiffs’ petition states a cause of action. Rather, the deposition testimony "on file” is being considered in accordance with LSA-C.C.P. art. 966 to determine whether the estate is entitled to summary judgment.
 

 [6]
 

 . Our findings herein are limited to the motion for summary judgment and the record before us on appeal. We make no findings regarding the ultimate liability of the parlies in this case.