NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CM 23-504


VICKI HOOD, JEREMY HOOD,  JACOB HOOD, AMY LOPEZ,
AMANDA KELLER AND JOSHUA HOOD
VERSUS
SASOL ENERGY (USA), LLC,  SASOL (USA) CORPORATION,
SASOL CHEMICALS (USA), LLC AND CALCASIEU PARISH
POLICE JURY


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-0891
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret,
Judges.




MOTION TO DISMISS UNLODGED APPEAL DENIED.

**Isaac M. Gregorie, Jr.**
**Erich Phillip Rapp**
**Gregory Michael Anding**
**Kean Miller L.L.P.**
**Post Office Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Sasol Chemicals (USA), LLC**
    **Edward "Butch" Lemelle**
    **Community InteractionConsulting, Inc.**

**Robert Emmett Kerrigan, Jr.**
**Raymond C. Lewis**
**Justine Ware**
**Duetsch Kerrigan L.L.P.**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 593-0697**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Edward "Butch" Lemelle**
    **Sasol Chemicals (USA), LLC**
    **Community InteractionConsulting, Inc.**

**Vernon Ed McGuire, III**
**Plauché, Smith & Nieset**
**Post Office Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Calcasieu Parish Police Jury**

**Phillip W. DeVilbiss**
**Terrence D. McCay**
**Kean Miller LLP**
**4865 Ihles Road**
**Lake Charles, La 70605**
**(337) 430-0350**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Edward "Butch" Lemelle**
    **Sasol Chemicals (USA), LLC**
    **Community InteractionConsulting, Inc.**

**Jonathan Johnson**
**Adam P. Johnson**
**Kilburn S. Landry**
**The Johnson Firm**
**1400 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1414**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
  **Jeremy Hood**
  **Jacob Hood**
  **Amy Lopez**
  **Vicki Hood**
  **Amanda Keller**
  **Joshua Hood**

**Erin Lutkewitte Kilgore**
**Kean, Miller LLP**
**400 Convention St., Suite 700**
**Baton Rouge, LA 70802**
**(225) 387-0999**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
  **Edward "Butch" Lemelle**
  **Sasol Chemicals (USA), LLC**
  **Community InteractionConsulting, Inc.**

**PICKETT, Judge.**

Appellees-Plaintiffs, Vicky Hood, Jeremy Hood, Jacob Hood, Joshua Hood, Amanda Keller, and Amy Lopez, filed a motion to dismiss the unlodged appeal filed by Appellants-Defendants, Sasol Chemicals (USA), LLC, Community Interaction Consulting, Inc., and Edward Lemelle, Jr. For the reasons set forth herein, we deny the motion.

This case arises from the death of William Larry Hood when a tree fell over and struck the cab of the vehicle in which he was riding. On February 20, 2019, Plaintiffs filed suit against Sasol Energy (USA), LLC, Community Interactions Consulting, Inc., and Edward Lemelle, Jr., Appellants-Defendants herein, and the Calcasieu Parish Police Jury.

On February 23, 2023, Appellants filed a motion for summary judgment, and on March 10, 2023, the Calcasieu Parish Police Jury filed a motion for summary judgment. The motions were heard on April 14, 2023. Appellants' motion was denied, and the Calcasieu Parish Police Jury's motion was granted. Appellants now seek appellate review of the trial court's granting of the Calcasieu Parish Policy Jury's motion.

Prior to the lodging of the appeal in this court, Plaintiffs filed a motion to dismiss the appeal. In their motion, Plaintiffs argue that Appellants have no right to appeal a judgment they confessed, citing La.Code Civ.P. art. 2085. Article 2085 prohibits a party who confesses judgment unconditionally and voluntarily from appealing that judgment. Plaintiffs direct this court to Appellant's "Response" to the Calcasieu Parish Police Jury's motion for summary judgment wherein they stated:

> Co-Defendants Sasol Chemicals (USA) LLC, Community Interaction Consultants, Inc., and Edward "Butch" Lemelle (collectively "Sasol"), do not oppose the Police jury's motion for summary judgment. . .

Accordingly, if the Police Jury is dismissed in this matter (as is should be), then as a matter of law all claims against Sasol must be dismissed as well.

Plaintiffs also state that Appellants filed a reservation of rights which they maintain is not authorized by La.Code Civ.P. art. 966, and that it was filed after the deadline agreed to by the parties. Plaintiffs contend that the pleading provided no evidence in response to the motion for summary judgment but was a rant about the unfairness of Plaintiffs' opposition to the Calcasieu Parish Police Jury's motion and further argument about why Appellants' own motion should be granted. Plaintiffs add that Appellants' reservation of rights ignored their own prior pleading and their own responsibility to present evidence in opposition to Calcasieu Parish Police Jury's motion. Since Appellants pleaded comparative fault of third parties, including the Calcasieu Parish Police Jury, Plaintiffs maintain that Appellants had the obligation to present evidence in support of their assertion of the Calcasieu Parish Police Jury's fault or risk that the provisions of La.Code Civ.P. art. 966(G) would preclude Appellants from presenting evidence in support of its affirmative defense or asking for the Calcasieu Parish Police Jury to be on the verdict form. Plaintiffs state that Appellants voluntarily chose to not oppose the Calcasieu Parish Police Jury's motion.

Next, Plaintiffs assert that the appeal is solely for the purpose of upsetting the trial date. At the time the motions for summary judgment were pending, trial was set for May 2023. Plaintiffs add that Appellants filed a motion to continue trial which was initially denied until the trial court realized that another case was set for trial in preference to this matter. The case was subsequently moved to September 18, 2023, where it will be first on the docket. According to Plaintiffs, Appellants then advised that they would be appealing the granting of the Calcasiu

2

Parish Police Jury's motion, knowing that an appeal would result in the case being continued again. Plaintiffs conclude that taking an appeal, without a right to do so, should not be used to back-door a continuance in a case that has been pending for four years when Appellants' motion to continue was denied.

In opposition to Plaintiffs' motion to dismiss the unlodged appeal, Appellants argue that Plaintiffs' motion to dismiss rests on the incorrect assertion that Appellants had confessed to judgment by failing to oppose the Calcasieu Parish Police Jury's motion for summary judgment. Appellants assert that to bolster their contention, Plaintiffs quoted language from Appellants' response and disingenuously used an ellipsis which erased the entire point Appellants made in their response. In reality, their argument was that if the Calcasieu Parish Police Jury, which has a higher affirmative duty than Appellants, was dismissed due to a lack of duty owed, then Appellants must be dismissed also for they have an even lower duty. Appellants stated in their brief as follows:

> Co-Defendants Sasol Chemicals (USA) LLC, Community Interaction Consultants Inc., and Edward "Butch" Lemelle (collectively "Sasol"), do not oppose the Police jury's motion for summary Judgment. Rather, they bring this response to point out that the duties owed by the Police Jury to the motoring public are higher as a matter of law than any such duty owed by Appellants. Accordingly, if the Police Jury is dismissed, in this matter (as it should be), Appellants urge that as a matter of law, all claims against Appellants must be dismissed as well.

Appellants maintain that they did not unconditionally confess or acquiesce to Calcasieu Parish Police Jury's motion for summary judgment. Appellants contend that Plaintiffs attempt to show that Appellants acquiesced to the motion by arguing that Appellants' response and reservation of rights are not only confessions of judgment but pleadings that are not recognized by the Louisiana Code of Civil Procedure. Appellants assert, however, that courts consistently look beyond the caption, style, and form of a pleading to determine its nature and substance. *See*

*Broussard v. Blount*, 20-544 (La.App. 3 Cir. 5/5/21), 319 So.3d 389. Appellants urge that their response and reservation of rights are substantively oppositions to the Calcasieu Parish Police Jury's motion for summary judgment. Appellants add that during oral arguments, the trial court and Plaintiffs' counsel referred to Appellants' response as an opposition, recognizing that the response is in fact an opposition, not an acquiescence to judgment.

Additionally, Appellants argue that Plaintiffs present no jurisprudence to support their contention that Appellants have abandoned their right to an appeal by acquiescing to or unconditionally confessing judgment in its response. Appellants contend that while Plaintiffs are correct in that a confession of judgment must be made unconditionally, voluntarily, and in pleadings or evidence, their application of La.Code Civ.P. art. 2085 is inapplicable to the circumstances herein.

Appellants state that Plaintiffs failed to cite *Andrus v. Police Jury of Lafayette Parish*, 266 So.2d 535 (La.App. 3 Cir. 1973), wherein this court held that the plaintiff who waived his appearance at the hearing on a motion for summary judgment by advising the court through his attorney that he had no interest in opposing the motion did not thereby acquiesce in the judgment such that an appeal from the judgment rendered against him could not be taken.[1]

In the instant case, Appellants urge that they never unconditionally confessed or acquiesced to the judgment dismissing the Calcasieu Parish Police Jury. Appellants explain that in their response, they indicated that the Calcasieu Parish Police Jury could not be separately dismissed under the law and facts controlling this case because the Calcasieu Parish Police Jury's duty was higher or, at the very least, the same as any duty owed by Appellants. Appellants state that

---

[1] Appellants cite a second decision, *Gatlin v. Kleinheitz*, 09-828 (La.App. 1 Cir. 12/23/09), 34 So.3d 872, but the information in the headnote to which they refer is not found in the body of the case.

4

their use of the "if . . . then" conjunction in their response makes it clear that Appellants were not unconditionally confessing or acquiescing to the judgment. Appellants add that the "if . . . then" sentence is often referred to as a conditional clause or conditional sentence in dictionaries or grammar texts and was used by Appellants to reserve their right to appeal any decision to let the Calcasieu Parish Police Jury out of the case while keeping Appellants as defendants. In other words, Appellants state that they opposed the unilateral dismissal of the Calcasieu Parish Police Jury without the subsequent and necessary dismissal of Appellants as the two motions for summary judgment are inextricably intertwined. Appellants conclude that they did not unequivocally and unconditionally confess to the judgment when it opposed the Calcasieu Parish Police Jury's motion for summary judgment by piggybacking off of their arguments. Appellants state that the same reasons that the Calcasieu Parish Policy Jury's motion should have been granted are the same reasons that Appellants' motion should have been granted.

Appellants conclude that Plaintiffs' motion to dismiss the unlodged appeal should be denied as it improperly infringes on Appellants' constitutional right to an appeal and ignores the long-standing Louisiana jurisprudence that any doubt as to the right of an appeal must be resolved in favor of the appeal. *Amedee v. Aimbridge Hosp. LLC*, 21-1906 (La. 10/21/22), 351 So.3d 321. Appellants state they are merely exercising their right to have the trial court's judgment reviewed, and an effort to deny their right should be resolved in favor of maintaining the appeal.

We find that Appellants did not unconditionally confess or acquiesce to the judgment granting the Calcasieu Parish Police Jury's motion for summary judgment. Appellants' response and reservation of rights do not serve as confessions of judgment. Further, we find no indication that the purpose of the

5

appeal is to upset the trial date.  Accordingly, we deny Plaintiffs' motion to dismiss the unlodged appeal.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.