P. E. LEAKE v. A. PARSON, Appellant

(September 28, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Sales—Par. 166, 168; Obligations—Par. 138.

In the absence of fraud or other fatal objection, the parties to an agreement must be held to their contractual obligations.

Appeal from the First City Court of the City of New Orleans, Section "A". Hon. W. Alexander Bahns, Judge.

This is a suit to collect the balance of wages sold to the plaintiff.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

W. A. Porteous, Jr., of New Orleans, attorney for plaintiff, appellee.

Jas. B. Noell, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff alleges that he bought and defendant sold for $100.00 wages earned by defendant and due him by his employer, the Illinois Central Railroad Company, amounting to $110.00. He sues for that amount, claiming that defendant collected the wages sold him without accounting to him therefor.

Defendant admits receiving $100.00 from plaintiff and the entire controversy is concerning the remainder of $10.00 claimed by defendant.

It is argued that the alleged sale of wages was in reality a loan at a usurious rate of interest. We find no support for this contention in the record. Moreover, the contract between the parties contains the following:

"This is an absolute and unconditional sale of said account and is not a loan or advance of money."

It is admitted that at the time the $100.00 was paid, defendant there was due him as earned wages the sum of $110.00, hence Act 5 of 1906 prohibiting the sale of unearned wages without the consent of the employer has no application. There is no

denial of the claim that defendant collected the wages assigned and failed to deliver to plaintiff. We agree with the learned trial judge who found for plaintiff as prayed for.

For the reasons assigned, the judgment appealed from is affirmed.