WALTER J. ROTHSCHILD, Judge.
|2This suit arises from an automobile accident. Plaintiffs filed suit for injuries sustained against the alleged tortfeasor, Jennifer R. Smith, her insurer, American National Property and Casualty Co., as well as plaintiffs’ uninsured motorist carrier, Allstate Insurance Company. Prior to trial, plaintiffs settled their claims with the tortfeasor and her insurer and the matter proceeded to trial solely against Allstate. Following a bench trial, the trial court rendered judgment in favor of Allstate, dismissing plaintiffs’ petition against them. Plaintiffs now appeal from this judgment. We affirm.
Tammy Marie Munster and her son, Edward Munster, III were injured in an automobile accident on June 30, 1999 involving the Munster vehicle and a vehicle being driven by defendant, Jennifer Smith. Jennifer Smith was insured by American National Insurance Company with policy limits of 13$50,000 per person/$100,000 per accident. Tammy Munster and her husband, Edward Munster, Jr., settled their claims against Smith and her insurer for a total sum of $46,000, and they settled Edward Jr.’s claims against these defendants for $5,000.
Plaintiffs then pursued their claim for underinsured motorist coverage against Allstate. In their petition, Tammy Munster and her husband, Edward Munster, Jr., claim that they sustained damages greater than the insurance payment received from Smith and her insurer. Further, they contend that under the terms of the Allstate policy, they are entitled to reimbursement of the medical expenses sustained by their son, Edward Munster, III. In addition, plaintiffs sought penalties pursuant to the provisions of La. R.S. 22:658 and La. R.S. 22:1220.
In rendering judgment in favor of Allstate, the trial court stated in its reasons for judgment:
After considering the law, the evidence, and the argument of counsel, the Court finds that plaintiffs, Tammy Munster and Edward Munster, Jr., individually and on behalf of Edward Munster III, have failed to meet their burden of proof in establishing an uninsured motorist claim against Allstate Insurance Company. The Court finds that the amounts plaintiffs received in the underlying settlement with American National far exceeds the value of their claims. As a result, plaintiffs have failed to establish any arbitrary and capricious claim for bad faith against defendant, Allstate Insurance Company. Furthermore, plaintiffs’ claims for medical payments were extinguished in the underlying settlement.
By their appeal, plaintiffs contend that the trial court’s judgment was manifestly erroneous in its assessment of medical treatment and damages. Plaintiffs also contend that the trial court was manifestly erroneous in its assessment of the economic losses suffered by Tammy Munster in the loss |4of tuition credits for her children. Finally, plaintiffs contend that the trial court manifestly erred in failing to find defendant in violation of La. R.S. 22:658.
Appellate review of factual determinations by the trial court is the manifest error-clearly wrong standard. An appellate court is precluded from setting aside a trial court’s findings of fact unless the findings are clearly wrong in light of the entire record. Rosell v. ESCO, 549 So.2d 840 (La.1989). Further, with regard to a damage award, the discretion vested in the trier of fact is great, “even vast,” so that *1183 an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.
At trial, Tammy Munster testified that she saw Dr. Bernard Manale within one week of the accident and complained of pain in her neck shoulders and back, and she stated she was feeling a numbing sensation down her right arm and into her fingers. She stated that Dr. Manale prescribed mediation and physical therapy. She stated she went to physical therapy two or three times per week for three weeks. Mrs. Munster stated that she stopped going to physical therapy in November of 1999 and joined a gym at Ken-ner Regional Center where she continued to work on increasing her strength as indicated by the physical therapist.
|rMs. Munster stated that prior to the accident she drove a 60 passenger school bus for John Curtis School, and that as a result her two children were able to attend this school tuition-free. She stated that she also performed clerical work for her husband’s air-conditioning business. After the accident, she was only able to drive a small van for the school, and her tuition credits were substantially reduced.
The medical evidence presented consisted of the testimony of Dr. Manale, who stated that he examined Mrs. Munster on July 7, 1999. The history given to him by the patient was an aching and burning pain in the back of her neck and her shoulder area. Dr. Manale stated that there was no evidence of numbness at this time. Dr. Manale prescribed physical therapy and conservative treatment.
Dr. Manale stated that he received two reports in July and August of 2000 from the physical therapist' who had treated Mrs. Munster. The reports indicated that there may be some nerve involvement because Mrs. Munster was complaining of a radiating pain into her right arm and fingers. Dr. Manale stated that these problems were likely related to the automobile accident of June 30, 1999. Dr. Manale then recommended a series of tests for Mrs. Munster, including an MRI, an EMG and NCS. The results of these tests were normal. Dr. Manale continued to see Mrs. Munster until April 29, 2002. Dr. Ma-nale’s final diagnosis of Mrs. Munster was cervical strain, thoracic strain and lumbar strain.
On cross-examination, Dr. Manale stated that Mrs. Munster first complained to him of numbness in her right arm on July 21, 1999, three weeks after the accident. Dr. Manale thought at that time the numbness was due to her sleeping position rather than to ulnar nerve injury due to the | (¡accident, but he stated he could have been wrong. He also stated that Mrs. Munster related that her pain was intermittent, and that although he recommended additional physical therapy in November of 1999 she did not continue with the therapy.
Allstate submitted into evidence the Receipt, Release and Indemnity Agreement indicating that plaintiffs settled their claims with the tortfeasor and her insurer for a sum of $46,000. They also submitted a physical examination form issued by the Louisiana Department of Public Safety & Corrections dated July 8, 2003 whereby Tammy Munster applied for a re-certification of her driver’s license and denied that *1184 she had sustained any injury in the last five years. The medical examiner who saw Mrs. Munster on this date commented on the form that the applicant was in “good health—no problem.” On this basis, Mrs. Munster was issued a commercial driver’s license, although she testified at trial that she does not use this license as she no longer operates the bus for John Curtis school.
In support of their position that plaintiffs are entitled to underinsured medical coverage and medical payments, plaintiffs rely on the case of Rabalais v. Mason, 01-925 (La.App. 5 Cir. 1/15/02), 807 So.2d 983, writ denied, 02-490 (La.4/19/02), 813 So.2d 1093, wherein a panel of this Court raised an award to a plaintiff with neck and back injury from the trial court’s award of $8,421.00 to an award of $50,000. Plaintiffs argue that the court’s decision in Rabalais is controlling and that the trial court’s factual findings are manifestly erroneous. We disagree.
Plaintiffs contend on appeal that the trial court erred in concluding that Mrs. Munster’s pain within six months following the accident was sporadic when the evidence shows she suffered for over two years based on 17her injury. However, the record in this case indicates that Mrs. Munster ceased physical therapy approximately five months after the accident, and that she stated when she applied for a new driver’s license that she had no back complaints. Further, by plaintiffs own testimony, her pain was sporadic, as she stated she had “on and off days.” The trial court made a credibility determination on the basis of evidence in the record. The trial court concluded that plaintiff was adequately compensated for her injuries in the settlement with the tortfeasor and her insurer and therefore was not entitled to recover from her uninsured motorist insurer. We have carefully reviewed the record in its entirety and we are unable to find that the trial court’s factual determinations are clearly wrong.
Plaintiffs next contend that the trial court erred in failing to award medical expenses payment under the medical payment provisions of the Allstate policy. Plaintiffs contend that the policy obligated Allstate to provide up to $5,000 to each plaintiff for their actual medical expenses incurred. Plaintiffs seek payment of $7,238.65 to Mrs. Munster and $2,373.24 to Eddie Munster, III. Although Allstate agreed in its policy to pay all reasonable expenses incurred by an insured person, the policy also obligates the insured to protect Allstate’s rights of recovery from a third party tortfeasor. In the present case, plaintiffs did not make their claim for medical payment coverage against Allstate until they had entered into a settlement and release with the tortfeasor and her insurer. Under these circumstances, plaintiffs are not entitled to medical payment coverage under the subject policy. See, Stamper v. Liberty Mut. Ins. Co., 03-2764 (La.App. 1 Cir. 10/29/04), 897 So.2d 142.
^Plaintiffs next contend that the trial court erred in failing to award her economic losses. However, the record in this case fails to support plaintiffs claim that she lost approximately $11,000 in tuition credits as a result of this accident. The testimony of the school representative indicated that there was no specific agreement with Mrs. Munster regarding her receiving two credits for driving a school bus. The school accounting records admitted into evidence indicated that there was a balance on plaintiffs account at the time of this accident. Further, Mrs. Munster admitted that she did not report these tuition credits as income to the Internal Revenue Service. Under these circumstances, we find no manifest error in the *1185 trial court’s determination that Mrs. Munster was not entitled to an award for economic losses.
Plaintiffs next contend that the trial court erred in failing to award penalties in accordance with La. R.S. 22:658 based on Allstate’s failure to make a tender of payment for plaintiffs’ claim. However, the record supports the trial court’s finding that the value of plaintiffs’ claim was less than the amount she received from the tortfeasor and her insurer. The Allstate insurance adjuster testified at length about the evaluation process and how she believed that the value of plaintiffs’ claim did not warrant a tender beyond the underlying limits of the tortfeasor’s policy. Plaintiffs have failed to submit any evidence that Allstate was in violation of La.R.S. 22:658, and we therefore find no error of the trial court in declining to award penalties in this case.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Plaintiffs are to bear all costs of this appeal.

AFFIRMED.