TERRI F. LOVE, Judge.
hThe State filed a bill of information, charging the defendant-appellant, Mr. Sahara Clay, with two counts of violating La. R.S. 14:34 relative to aggravated battery. The defendant entered not guilty pleas at his arraignment. A preliminary hearing was held; the trial court found probable cause to bind the defendant over for trial. After the defendant waived his right to a jury trial, a bench trial was held. At the conclusion of testimony, the court found the defendant guilty of La. R.S. 14:34.1, second degree battery, as to both counts. The court sentenced the defendant to five years at hard labor on both counts to run concurrently. Pursuant to an order of this Court, the defendant was granted an out of time appeal.
Due to the intervention of Hurricane Katrina, this record was not lodged until December 2, 2005, without the sentencing transcript. The appellant’s counsel filed a brief, to which the appellee replied, along with a motion to supplement the record with the sentencing transcript. The transcript was filed. This appeal followed.
STATEMENT OF THE FACTS
The defendant, Mr. Sahara Clay, who at the time was a prisoner in the Orleans Parish Prison, came to the medical observation unit. He complained of]¿chest and abdominal pains. Dr. Samuel Gore and Tondra Ricard, a medical assistant, evaluated him. Ms. Ricard was monitoring the defendant’s vital signs, and, as she walked away, the defendant touched her arm. When she looked down, she saw a few drops of blood and asked the defendant why he scratched her. She treated the scratch herself by cleaning it with alcohol and then put antibiotic ointment and a band-aid on it. At trial, Ms. Ricard testified that prior to the defendant scratching her, he had been holding his hands under his shirt as if his stomach hurt and failed to move them when she told him to do so. She further testified that she did not see the defendant cut or scratch her.
Dr. Samuel Gore testified that the defendant was sitting on the exam table when he walked past him. At that time, the defendant scratched his arm. Specifically, the defendant “reached out” and scratched his arm. Dr. Gore asked him, “what was that about?” but received no reply. Dr. Gore washed the scratch with soap and water and went on with his routine; he mentioned the incident to a deputy. He did not testify that he saw the defendant scratch him with any item.
Sergeant Carlos Louque of the Orleans Parish Criminal Sheriffs office, Special Investigations Division, testified that he was called to investigate the incident in the medical unit. He stated that the call to him indicated that a prisoner cut a nurse *565 and a doctor with a razor. At the unit, he interviewed Ms. Ricard and Dr. Gore; he also interviewed Deputy John Bowman, who turned a razor blade over to him. Sergeant Louque identified the razor blade, and it was introduced into evidence over defense objection. Deputy Bowman did not testify at trial.
The defense 'did not present any witnesses.
ERRORS PATENT
A review of the record reveals that there are no patent errors.
J^FIRST ASSIGNMENT OF ERROR
In his first assignment of error, the appellant argues that the State failed to present sufficient evidence to establish that he committed two counts of second degree battery, violations of La. R.S. 14:34.1, because the element of serious bodily injury was not proven, and thus the evidence can sustain only charges of simple battery. The legal standard for sustaining a verdict in general and a discussion of this particular element of La. R.S. 14:34.1 was discussed in State v. Landry, 03-1671, pp. 6-7 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1238-39:
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986); State v. Heck, 560 So.2d 611 (La.App. 4 Cir.1990). The reviewing court must consider the record as a whole and not just the evidence most favorable to the prosecution; if rational triers of fact could not disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991).
In a second-degree battery conviction, the State is required to prove the offender committed a battery without the consent of the victim and that he intentionally inflicted serious bodily injury. La. R.S. 14:34.1. In second-degree battery cases, the offense requires proof of a specific intent to inflict “serious bodily harm.” State v. Welch, 615 So.2d 300, 302 (La.1993), citing State v. Fuller, 414 So.2d 306 (La.1982). Serious bodily injury is defined as injury that involves unconsciousness, extreme physical pain, or protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. La. R.S. 14:34.1.
Landry, 03-1671, pp. 6-7, 871 So.2d at 1238-39.
In Landry, the defendant and the victim were at a bar where the victim and his family were having a birthday party. OS-1671, p. 2, 871 So.2d at 1236. At some point, the victim and the defendant exchanged words. When the victim later I ¿walked outside, the defendant followed him and punched him in the face. The blow caused the victim to fall on the concrete, rendering him unconscious; the victim also sustained ,a fractured jaw, scrapes, and bruises. The facial injury required that his teeth be removed and his jaw wired shut; he had to maintain a liquid diet for eight weeks. On appeal, this Court held that these injuries constituted “serious bodily injury” as defined in La. R.S. 14:34.1.
In State v. Odom, the defendant was originally charged with aggravated bat *566 tery, and the jury returned a responsive verdict of guilty of second degree battery, as occurred in the instant case. 03-1772 (La.App. 1 Cir. 4/2/04), 878 So.2d 582, writ denied 04-1105 (La.10/8/04), 883 So.2d 1026. The offense began as a domestic disturbance and continued over several hours. The defendant struck the victim repeatedly with his fists and went on a destructive spree in their home, destroying furnishings. At some point, he armed himself with a pistol and struck the victim with the butt of the weapon several times. At trial, the victim and a co-employee testified that the victim had bruises, a black eye and a gash on her head, all of which were still visible a week after the incident. The victim also testified that her whole body hurt for days after the incident. No expert testimony was presented, and the victim testified that she did not seek medical treatment out of embarrassment. However, she did spend the night of the incident with her brother who had some first aid training, and he monitored her for a possible concussion. Based on the record, the appellate court found that the evidence supported the conviction for second degree battery, noting that the victim’s testimony may be sufficient to prove that she sustained serious bodily injury. Odom, 03-1772, p. 6, 878 So.2d at 588.
lain State v. Hall, the victim testified that she was sprayed with mace and beaten and kicked by the defendants. 03-1384, p. 1 (La.App. 5 Cir. 3/30/04), 871 So.2d 558, 559. She recounted that the mace caused her eyes to burn, made breathing difficult, and made it feel like her esophagus was swollen. She required fifteen stitches to close the various lacerations on her nose; the bottle striking her face apparently caused the lacerations. On appeal, the court held that the victim’s testimony describing these injuries was sufficient to sustain the convictions for second degree battery.
In contrast to these cases, in State v. Helou, the Supreme Court reversed the decision of the appellate court, which held that the evidence was sufficient to prove the element of serious bodily injury. 02-2302 (La.10/23/03), 857 So.2d 1024. The court noted that the defendant and two other men repeatedly struck the victim, but no weapons were involved. Helou, 02-2302, p. 6, 857 So.2d at 1028. The victim’s wife testified that her husband’s nose was bleeding profusely; the victim testified he had never seen so much blood in his life and that his clothes were saturated. A bystander, who was a former army medic, testified that there was so much blood on the ground that it was hard to tell where it came from. The State later argued that the sheer quantity of blood led to an inference that the victim suffered a serious bodily injury. The Supreme Court disagreed:
This Court finds that the presence of blood alone does not satisfy the “serious bodily injury” element of second degree battery. Our jurisprudence demonstrates many cases where the State proved the “serious bodily injury” element of second degree battery. Some examples are: 1) State v. Abercrumbia, 412 So.2d 1027 (La.1982), where the defendant hit the victim with boards across his head, neck, and arm, causing a “deep cut over his right eye;” 2) State v. Robertson, 98-0883 (La.App. 3 Cir. 12/9/98), 723 So.2d 500, writ denied, 99-0658 (La.6/25/99), 745 So.2d 1187, where the defendant knocked the victim to the ground and repeatedly kicked and hit her until she “kind of lost her senses for a minute;” the victim had bruises |fiand contusions over the entire extent of her body, which left significant scars and lacerations on her nose; and 3) State v. Robinson, 549 So.2d 1282, 1285 (La.App. 3 Cir.1989), where the defendant *567 stabbed the victim twice with a large, folding knife.
There are other cases that indicate that less substantial injuries may also constitute “serious bodily injury.” See State v. Young, 00-1437, pp. 9-10 (La.11/28/01), 800 So.2d 847, 852-853, ...; State v. Diaz, 612 So.2d 1019, 1022-1023 (La.App. 2 Cir.1993), where the defendant broke the victim’s jaw during a group fight; State v. Mullins, 537 So.2d 386, 391 (La.App. 4 Cir.1988), where a 6 foot tall defendant punched a 5'5" girlfriend, breaking her nose; ... State v. Accardo, 466 So.2d 549, 552 (La.App. 5 Cir.1985), writ denied, 468 So.2d 1204 (La.1985), where a 17-year-old female victim was struck on the head by the defendant with either his fist or a blackjack, causing the side of her face to swell.
After a careful review of LSA-R.S. 14:34.1 and the related jurisprudence, we find that in the case sub judiee, the , State failed to offer any evidence of “extreme physical pain” by way of testimony from the fact witnesses. Nor do we have testimony from medical witnesses or medical records, which would prove this factor. Rather, the evidence presented, [sic] dealt solely with the amount of blood the victim lost.... We cannot infer that the loss of blood is tantamount to “extreme physical pain.” We also cannot infer that a punch in the nose, without more evidence, is sufficient to support a conviction of second degree battery.
Helou, 02-2302, pp. 6-8, 857. So.2d at 1028-29.
As the appellant notes in this case, neither victim testified that the injury inflicted was anything more than a scratch. The only medical attention that Ms. Ricard received was administered by herself and consisted of antiseptic ointment and a band-aid. Dr. Gore testified all he did was wash the scratch on his arm with soap and water. Neither of the injuries could be described as serious bodily injuries. There was no testimony indicating that the victims suffered any pain, much less extreme pain. No impairment of function occurred. The evidence was not sufficient to establish the elements of second degree battery.
In its brief, the State does not argue that the victims sustained serious bodily injury. Instead, the State argues that the defense did not object to the inclusion of |7the responsive verdicts of second degree battery. Therefore, the State avers that because there is evidence to support the original charges, the convictions need not be reversed. The State suggests that there was sufficient evidence to support the original charges of aggravated battery, while the appellant contends that there was not sufficient evidence to show that he was armed with a dangerous weapon.
The standard for removing a responsive verdict is set forth in La.C.Cr.P. art. 814(C), which provides:
Up on motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been . submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
Therefore, even if the offense is legislatively designated as responsive by Article 814, the defendant may timely object to an instruction on a responsive verdict on the basis that the evidence does not support that responsive verdict. If the court overrules the objection and a verdict of guilty of the responsive offense is returned, the reviewing court must examine the record *568 to determine if the responsive verdict is supported by the evidence and may reverse the conviction if the evidence does not support the verdict. However, if the defendant does not enter an objection at a time when the trial judge can correct the error, then the appellate court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251-52 (La.1982).
The flaw in the State’s argument is the reliance upon evidence not admitted at trial. The State cites to the incident report prepared by Sergeant Louque, recounting that he was informed that the victims had been cut by a razor blade, Lwhich was subsequently confiscated by Deputy Bowman. However, neither victim testified that they saw a razor blade in the defendant’s possession, nor did they testify that they made these statements to Sergeant Louque. Deputy Bowman never testified at trial; thus he did not testify to seizing such a weapon from the defendant. The victims did not testify that they saw Deputy Bowman seize the razor blade from the defendant or from any area within his control.
Although a razor blade was introduced at trial, the defense counsel specifically objected to its introduction on the grounds that it had not been identified by the victims or Deputy Bowman. Officer Louque testified that Deputy Bowman gave him the blade, but no witnesses testified that they observed the defendant in possession of the blade, and no one testified that the defendant committed a battery with the razor blade. Moreover, the nature of the scratches described by the victims were apparently not severe enough or of a peculiar nature that would clearly indicate that they were inflicted by the razor blade; at trial the defense elicited that the defendant’s fingernails were long and thus may have caused the scratches. Furthermore, at trial defense counsel elicited that the razor blade was not subjected to any tests that established that it had been used to inflict the scratches on the victims.
Considering the lack of testimony linking the razor blade to the injury, the introduction of which was specifically objected to by defense counsel and admitted by the court over that objection, the incidents, and the lack of evidence of serious bodily injury inflicted upon the victims, the appellant’s assignment of error has merit. The mere introduction of the razor blade without any testimony linking it to the defendant or the victims’ scratches is insufficient circumstantial evidence to find beyond a reasonable doubt that the defendant committed a battery with the | ^razor blade. The record indicates that only Sergeant Louque testified at the motion hearing. Therefore, the trial judge had no evidence beyond that presented during the trial itself upon which to rest his judgment.
The evidence was insufficient to sustain convictions for aggravated battery and second degree battery, and the verdicts should be modified. La.C.Cr.P. art. 821(E) permits an appellate court to modify a verdict to a lesser included responsive verdict if it determines the evidence supports the lesser charge. Given that, because the evidence establishes that the State proved that the defendant perpetrated a simple battery on each victim, this Court enters verdicts of simple battery.
SECOND ASSIGNMENT OF ERROR
In his second assignment of error, the appellant argues that the sentences imposed are excessive. Because we find that the first assignment of error has mer *569 it, we do not consider the second assignment of error. Furthermore, the issue of excessive sentences was not preserved for appellate review. The transcript of the sentencing shows that the defendant did not object at the time of sentencing. The record further shows that he did not file a motion to reconsider sentence. As per La.C.Cr.P. art. 881.1, a defendant must file a motion to reconsider sentence within thirty days of sentencing in order to preserve for appeal any claim as to sentencing. In addition, this Court has held that the failure to file a motion to reconsider sentence or to object to the sentence at the time it is imposed precludes a defendant from raising a claim about his sentence on appeal. State v. Tyler, 98-1667, p. 14 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 775.
|inDECREE
For the reasons stated herein, we reverse both of the appellant’s convictions. The convictions are hereby modified to violations of La. R.S. 14:35, simple battery. The sentences are vacated and the matter is remanded for sentencing.
CONVICTIONS REVERSED; SENTENCES VACATED AND REMANDED.