DOWNING, J.
pin this appeal, the Estate of Emory Graves contends that the trial court erred in finding that Phoenix Life Insurance Company (Phoenix) did not violate La. R.S. 22:1220(B)(5) when it failed to pay the proceeds of a life insurance policy within the allotted sixty-day period after receiving satisfactory proof of loss.
Sylvia Graves was the designated beneficiary in her husband, Emory Graves’, policy. The policy provided that if Sylvia predeceased Emory, the beneficiary then became Emory’s estate. Emory shot and killed his seriously 01 wife, then killed himself. The policy provided that if Sylvia predeceased Emory, Emory’s estate was entitled to the proceeds. However, under Louisiana law (La. R.S. 22:613 D), a person responsible for the death of an insured may not collect under the policy. Both the Estate of Emory Graves and the Estate of Sylvia Graves submitted claims for the insurance proceeds. Consequently, Phoenix deposited the money into the court registry and filed a concursus proceeding asking the court to resolve the competing claims.
The trial court originally decided that Emory’s estate was precluded from collecting under the policy. However, when the matter came before this court on a writ application, we concluded that the appellee failed to prove its entitlement to the sum *775 mary judgment because the policy was not introduced at trial (2003 CW 1743).
In the meantime, this court resolved the issue of whose estate should receive the insurance proceeds when it ruled on another appeal filed by the same defendants against another insurer. See Jackson Nat. Life Ins. Co. v. Kennedy-Fagan, 03-0054 (La.App. 1 Cir. 2/6/04), 873 So.2d 44. In Jackson it was decided that pursuant to the policy, the death benefits were |3not community property and that Emory Graves’ children were entitled to the proceeds. Jackson, 03-0054 at 10, 873 So.2d at 51. Based on the Jackson decision, the recipients of Emory Graves’ estate made a demand on Phoenix to dismiss the concur-sus proceeding and to the pay them the proceeds. The recipients of Sylvia Graves’ estate immediately filed for summary judgment claiming that this instant case distinguishable from the Jackson case. The Estate of Emory Graves filed a motion an opposing motion for summary judgment contending that Jackson was controlling. It also asked that penalties be assessed against Phoenix pursuant to La. R.S. 22:1220(B)(5), for failing to pay the claim timely. At the hearing on the cross-motions for summary judgment, the trial court agreed that Jackson resolved the matter and awarded the proceeds to the Estate of Emory Graves.
Subsequently, Phoenix filed a motion for summary judgment asking the court to dismiss the claim for penalties that was still pending. The trial court granted the motion; judgment was signed and appellants appealed.
Louisiana Revised Statute 22:1220(B)(5) provides that the insurer breaches its duty to adjust claims fairly and properly when it fails to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss when such failure is arbitrary, capricious, or without probable cause. This statute is penal in nature it must be strictly construed. Theriot v. Midland Risk Ins. Co., 95-2895, p. 4 (La.5/20/97), 694 So.2d 184, 186. Here, Phoenix was faced with competing claims from the two estates as to which was the rightful beneficiary entitled to receive Emory Graves’ life insurance proceeds. At the time it ruled in favor of Phoenix, the trial court stated that the obvious competing claims made this was one of the most serious issues it had ever dealt with.
UAfter reviewing the record, we conclude that the trial court did not err in concluding that Phoenix did not arbitrarily and capriciously refuse to pay the insurance proceeds within the statutory period.
The district court judgment is affirmed by memorandum disposition in accordance with Uniform Rules — Courts of Appeal Rule 2-16.1 B. The cost of this appeal is assessed against the appellant, Estate of Emory Graves.
AFFIRMED.