KEATY, J.,
dissents in part and concurs in part.
|,I respectfully dissent from the majority’s affirmance of the trial court’s judgment. The following rules found in the Louisiana Civil Code regarding interpretation of contracts are applicable here.[1] “Interpretation of a contract is the determination of the common intent of the parties.” La.Civ.Code art. 2045. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La.Civ.Code art. 2046. “The words of a contract must be given their generally prevailing meaning.” La.Civ.Code art. art. 2047. “Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La.Civ.Code art. 2050.
After having carefully read the Offer and the Acceptance, along with the pleadings, the judgment, the written reasons for judgment, and the transcript from the *1208 September 30, 2011 hearing, and considering those items in conjunction with the plain wording of La.Code Civ.P. art. 970, I am convinced that the Offer made by the Isle and accepted by Plaintiffs is not ambiguous. Article 970 requires that an offer of judgment “specify whether that amount is inclusive or exclusive of |2costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule.” With wording that essentially mirrored that of Article 970, the Isle clearly and unequivocally made an offer of judgment to Plaintiffs for $250,000.00 “inclusive of judicial interest, and any other amount which may be awarded pursuant to statute or rule, including but not limited to, any and all medical liens from any healthcare provider, insurer, Medicare, Medicaid, or otherwise, and court costs incurred.” (Emphasis added.) I believe that the trial court erred in concluding that the comma and the word “and” after the word “interest” meant that the parties intended to exclude everything that followed from being a part of the lump sum offer. Such a conclusion ignores the meaning suggested by the clear wording of the contract when read as a whole. To find that an offer which included the word inclusive somehow excludes only one item in a series of items is simply unreasonable, especially when that offer is read in the context of Article 970. Accordingly, I would reverse the judgment of the trial court insofar as it orders the Isle to pay Plaintiffs more than a $250,000.00 lump sum.
The majority concedes that “[i]t is likely true that Isle’s actual intention was its presented interpretation.” It then goes on to say that “the issue presented to us is not the most probable intent of the parties or the most probable interpretation of the offer.” “The [Louisiana] Rules of Professional Conduct establish minimum standards for the ethical conduct of attorneys not only in their relations with their own clients, but with adversaries, opposing attorneys, the public, and the courts.” Teague v. St. Paul Fire & Marine Ins. Co., 06-1266, pp. 24-25 (La.App. 1 Cir. 4/7/09), 10 So.3d 806, 824, writ denied, 09-1030 (La.6/17/09), 10 So.3d 722. In my opinion, to ignore the intent of the parties under the facts of this case deals a |sheavy blow to the spirit of professionalism expected of and required by attorneys practicing law in Louisiana.
I concur with the majority’s denial of Plaintiffs’ motion to strike and the Isle’s request to supplement the record on appeal, along with their denial of Plaintiffs’ answer to appeal.

. Most of these rules on contract interpretation were discussed in Crawford v. United Services Automobile Ass’n, 03-2117 (La.App. 1 Cir. 3/24/05), 899 So.2d 668, a case mentioned by the majority.