# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-676

**KATHLEEN WALKER**

**VERSUS**

**THE SUMMIT**

**\*\*\*\*\*\*\*\*\*\***
## WRIT APPLICATION FROM THE
## OFFICE OF WORKERS COMPENSATION, DISTRICT 02
## PARISH OF RAPIDES, DOCKET NO. 14-1644
## HONORABLE JAMES J. BRADDOCK, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Jimmie C. Peters, Judges.

### WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT ON MOTION TO COMPEL REVERSED.

W. Jay Luneau
1239 Jackson Street
Alexandria, LA 71301
(318) 767-1161
**ATTORNEY FOR PLAINTIFF/APPLICANT**
    Kathleen Walker

Lawrence B. Frieman
Bradley P. Naccari
Juge, Napolitano, Guilbeau, Ruli & Frieman
330 North New Hampshire Street
Covington, LA 70433
(504) 831-7270
**ATTORNEY FOR DEFENDANT/RESPONDENT**
    The Summit

**COOKS, Judge.**

This case involves a workers' compensation claim which, Claimant, Kathleen Walker, filed against Defendant, The Summit, as a result of a work-related accident that occurred on July 31, 2009. Employment Risk Management Services (ERMS) was contracted by Defendant to administer the claim. Pertinent to this writ application, Defendant scheduled an appointment for Claimant to be examined by Dr. Donald Smith, a neurosurgeon, for the purpose of obtaining a second medical opinion (SMO).

Claimant's counsel requested a copy of any and all paperwork that Claimant would be asked to fill out for the SMO. After receipt of the paperwork, Claimant's counsel sent a letter detailing his objections to certain forms, in particular, a form titled "Medical Evaluation Consent Form." Specifically, Claimant's counsel explained in his letter that his client would not sign the "Medical Evaluation Consent Form" because she was not consenting to the examination, but was going to the appointment because she was legally obligated to do so. Claimant' counsel also stated in his letter, "If you know of some precedent that requires her to sign the form, please let me know and I will consider same." Defendant simply responded that Claimant would have to sign the form prior to the SMO.

After additional letters were sent by Claimant's counsel reiterating his refusal to have his client sign the form, Defendant sent a letter demanding Claimant attend the SMO appointment. That letter from Defendant stated, "You can instruct your client to sign or not sign any document you want. However, she still must appear for the examination on Monday as scheduled."

Claimant drove to Dr. Smith's office on the appointed date. She was told by Dr. Smith's staff she had to sign the "Medical Evaluation Consent Form." After speaking with her attorney by telephone, Claimant refused to sign the form. Thereafter, Dr. Smith refused to examine Claimant.

2

Defendant subsequently filed a Motion to Compel in the Office of Workers' Compensation, seeking to have Claimant ordered to sign the "Medical Evaluation Consent Form." Following a hearing, the workers' compensation judge (WCJ) granted Defendant's Motion to Compel. Claimant immediately sought review of the ruling, filing a writ application with this court. This court ordered all proceedings in the matter stayed and the writ was set for oral argument.

## ANALYSIS

Louisiana Revised Statutes 23:1121(A) mandates that an injured employee "shall submit himself to an examination by a duly qualified medical practitioner" at the request and expense of the employer. There is no dispute that Defendant was within its rights to have Claimant examined by Dr. Smith. The sole issue before us is whether the WCJ was correct in finding Defendant could require Claimant to sign the "Medical Evaluation Consent Form." We find no support for the WCJ's finding and reverse the grant of the Motion to Compel.

The "Medical Evaluation Consent Form" in question provided in its entirety as follows:

> This is to certify that I have been scheduled to undergo a medical evaluation related to my claim of injury/illness by Dr. Donald Smith, M.D.
>
> I understand Dr. Smith is an independent medical examiner who will perform a comprehensive review of my medical records, interview, and a physical examination.
>
> I understand this evaluation is to include my giving information about myself and my personal circumstances as well as my health.
>
> I understand it is very important that I am honest with Dr. Smith about my symptoms and how I perceive my medical condition(s) limits me with activities on a day to day basis.
>
> I understand Dr. Smith will perform a physical examination on the relevant parts of my body.
>
> I understand it is very important that I give my best effort during the physical examination, and any attempt to give less than my best effort

will be detectable by Dr. Smith and will be documented as part of my permanent medical record.

I will inform Dr. Smith if I experience an increase in pain or other symptoms during the physical examination.

I understand that Dr. Smith may recommend additional diagnostic testing prior to rendering a final medical opinion.

I understand the recommendations given by Dr. Smith are totally independent of the requesting agents.

I understand if more information becomes available at a later date, then an additional report may be required.

Claimant objected to several problems with this form. Our review of the form also identified several problems with the language contained therein. We are particularly troubled by the paragraph which requires the signee to acknowledge that Dr. Smith "is an independent medical examiner." This simply is not so. Dr. Smith was specifically chosen by the Defendant, not the WCJ, to examine Claimant.[1]

Of even greater concern is the paragraph that requires the examinee "to give my best effort during the physical examination," and that any failure to do so "**will be detectable** by Dr. Smith." (Emphasis added.) It is one thing to request an examinee give their best effort during an exam, but it is quite another thing to require the examinee to grant a degree of infallibility and omnipotence to Dr. Smith in his ability to detect any substandard effort or cooperation. The absurdity of this provision is obvious. We cannot fault Claimant for her concern that putting her signature on such a form could be argued as abandoning her right in the future to contradict Dr. Smith's opinions.

---

[1] Louisiana Revised Statutes 23:1123 provides for the appointment of an IME by the WCJ when there is a dispute in the medical evidence. The law provides an IME's medical conclusions should be given significant weight because the IME is an objective party. *See Scott v. Wal-Mart Stores, Inc.*, 03-858 (La.App. 1 Cir. 2/23/04), 873 So.2d 664. Clearly, Dr. Smith was the Defendant's choice of physician and not in any way "independent" as contemplated by the statute.

Defendant argues this form is merely acknowledging that Claimant "understands" the provisions listed; however the form is titled "Medical Evaluation *Consent* Form." (Emphasis added.) Were Defendant only concerned with Claimant "understanding" these provisions, it certainly could hand Claimant the form and not require her to sign it.

There is no statutory or jurisprudential authority that requires a Claimant to sign any type of consent form to undergo a SMO. The only thing La.R.S. 23:1121(A) requires is that the injured employee "shall submit himself to an examination." Accordingly, the WCJ erred in granting the Motion to Compel requiring Claimant to sign the "Medical Evaluation Consent Form."

## DECREE

Pursuant to granting the writ of certiorari to consider this matter, we render judgment herein, reversing the ruling of the Office of Workers' Compensation granting Defendant's Motion to Compel. All costs are assessed to Defendant.

**WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT ON MOTION TO COMPEL REVERSED.**