CRAIN, J.,
concurs.
|!A summary judgment can only be granted on the grounds asserted in the motion. See La.Code Civ. Pro. art. 966F(1). The defendant’s motion states in relevant part that the “defendant ... moves ... for summary judgment ... on the grounds that, as will appear from the attached memorandum and exhibits, there is no genuine issue ... regarding plaintiffs claim ... that [Dr. Waguespack] caused or contributed to the alleged injury of plaintiff....” [Emphasis added.] The language in the motion incorporates the memorandum and exhibits by reference into the motion for summary judgment, where the defendant then argues solely *698 based on standard of care and without mentioning in any way the lack of informed consent claims asserted in the petition. The motion and attached memorandum do not reasonably place the plaintiff on notice that the informed consent allegations are being challenged. Therefore, the trial court’s summary judgment, which dismissed all of the plaintiffs claims, exceeded the scope of the relief requested in the motion for summary judgment. See Coffee Bay Investors, L.L.C. v. W.O.G.C. Company, 03-0406 (La.App. 1 Cir.4/2/04), 878 So.2d 665, 672 (La.App. 1 Cir.), writ denied, 04-1084 (La.6/25/04), 876 So.2d 838 (alternative theories of recovery in the plaintiffs petition were not before the court in a motion for summary judgment and incorporated memorandum that were limited to one claim); St. Romain v. State, Through the Department of Wildlife & Fisheries, 03-0291 (La.App. 1 Cir. 11/12/03), 863 So.2d 577, 588 n. 8, writ denied, 04-0096 (La.3/26/04), 871 So.2d 348 (defendant’s liability for other claims that were |?not specifically raised in the memorandum incorporated into the motion for summary judgment was not before the court)