STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0106

NO. 2021 CW 1509

TOWER CREDIT, INC

VERSUS

CHAD J. WILLIAMS

*Judgment Rendered:*     SEP 1 6 2022

* * * * * * * *

Appealed from the
City Court of Baton Rouge
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 17-06564-E

The Honorable Judy Moore Vendetto, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Gerald A. Melchiode<br>Renee S. Melchiode<br>Taylor L. Somerville<br>New Orleans, Louisiana | Counsel for Garnishee/Appellant<br>Louisiana Fish Fry Products, LTD |
| Richard D. Bankston<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>Tower Credit, Inc. |
| Chad J. Williams<br>Baton Rouge, Louisiana | Defendant/Appellee<br>Pro Se |

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

This appeal arises from a judgment *pro confesso* taken against a garnishee following the garnishee's failure to answer garnishment interrogatories. For the reasons set forth herein, we affirm the trial court judgment and deny the application for supervisory writ.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Tower Credit, Inc. ("Tower Credit"), filed a suit on two promissory notes against Chad J. Williams on July 25, 2017, and obtained a default judgment against Williams on October 3, 2018 in the amount of $18,396.67, together with interest on $6,075.15 of that amount from the date of judicial demand at the rate of 18.00% per year, until satisfied; interest on the remaining $12,321.52 from the date of judicial demand at the rate of 27.00% per year, until satisfied; an attorney fee of 25% of the principal and interest; and all costs, including but not limited to, any money paid to a private process server to serve documents in this suit, and court costs.

Tower Credit filed a Petition for Garnishment on September 29, 2020, requesting that Williams' employer, Louisiana Fish Fry Products, LTD ("Louisiana Fish Fry"), be made garnishee. Service of the petition and garnishment interrogatories was made on Louisiana Fish Fry through its registered agent for service of process, CT Corporation System, on November 6, 2020.

Louisiana Fish Fry did not answer the garnishment interrogatories, and on March 18, 2021, Tower Credit moved for a judgment *pro confesso* against Louisiana Fish Fry pursuant to La. C.C.P. art. 2413. A hearing was held on the motion on October 6, 2021. Louisiana Fish Fry did not appear at the October 6 hearing, although the record reflects that personal service of the motion was made on April 23, 2021 through Louisiana Fish Fry's registered agent for service of process, CT Corporation System. At the hearing, counsel for Tower Credit

2

informed the trial court that Louisiana Fish Fry had been served with the garnishment, but failed to file an answer to the interrogatories or return phone calls, and thereafter, counsel presented a judgment to the trial court for signature. The judgment signed by the trial court states:

> This Court, after considering the evidence presented, finds in favor of the plaintiff, Tower Credit, Inc.; accordingly:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Tower Credit, Inc. and against Louisiana Fish Fry Products, LTD in the full sum of $18,396.67, together with interest on $6,075.15 of that amount from the date of judicial demand (July 25, 2017) at the rate of 18% per year, until satisfied; together with interest on the remaining amount of $12,321.52 from the date of judicial demand (July 25, 2017) at the rate of 27.00% per year, until satisfied; together with 25% of the aggregate of principal and interest due as attorney's fee, all costs of these proceedings, and an additional attorney's fee of [$400.00] pursuant to La. C.C.P. art. 2413.

Notice of the October 6, 2020 judgment was mailed on October 7, 2021 and received by Louisiana Fish Fry's registered agent, CT Corporation System, on October 13, 2021.

On October 22, 2021, Louisiana Fish Fry filed a *Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment Against Louisiana Fish Fry Products, LTD.* In its motion, Louisiana Fish Fry argued that it does not employ the debtor, Williams, nor has it employed him since November 5, 2020.[1] In addition to its memorandum, Louisiana Fish Fry submitted a number of exhibits in support of its motion, including: the affidavit of its Human Resources Manager, Meagan Price Durand, who attested that Williams' last shift worked at Louisiana Fish Fry before his termination was prior to service of the garnishment interrogatories; Williams' personnel file; the garnishment citation, petition,

---

[1] Although Louisiana Fish Fry states in its motion that it has not employed Williams since November 5, 2020 (before service of the garnishment interrogatories was made), the record reflects that he was terminated by Louisiana Fish Fry on November 30, 2020. Service of the garnishment interrogatories on Louisiana Fish Fry was made on November 6, 2020. On November 16, 2020, Louisiana Fish Fry issued a "Final Written Warning" letter to Williams, noting that he had failed to report to work as scheduled on November 6, 2020, and informing him that he needs to take his job seriously if he wants to stay employed and that any further issues with his performance "will result in termination from the company." A separation notice terminating Williams' employment with Louisiana Fish Fry was ultimately issued on November 30, 2020, listing Williams' last date worked as November 5, 2020.

3

interrogatories, and order; and the notice of signing of the October 6, 2021 judgment *pro confesso* against Louisiana Fish Fry. Louisiana Fish Fry requested an expedited hearing on its motion to reopen/vacate the garnishment judgment, due to the short suspensive appeal deadline provided by La. C.C.P. art. 5002 for judgments rendered by a city court.[2] Also on October 22, 2021, but after the motions to reopen/vacate and for expedited hearing were filed, Louisiana Fish Fry filed a motion for suspensive appeal from the October 6 judgment.

On November 3, 2021, the trial court denied the motion for expedited hearing and also denied Louisiana Fish Fry's motion to reopen/vacate ex parte, without contradictory hearing. Thereafter, Louisiana Fish Fry filed an application for supervisory writs with this court, arguing that the court erred in failing to grant its motion to reopen the case pursuant to La. R.S. 13:3923. The writ was referred to the appeal panel.

On appeal, Louisiana Fish Fry argues that the trial court erred in entering the October 6 judgment for the entire amount of the debt and without any evidence submitted in the record, as well as in failing to reopen the proceedings when evidence was presented that Louisiana Fish Fry was not a stakeholder of the debtor's wages.

## DISCUSSION

A garnishment proceeding is a streamlined legal process for a creditor to seize property of a judgment debtor in the hands of a third party. *Tower Credit, Inc. v. Carpenter*, 2001-2875, p. 3 (La. 9/4/02), 825 So.2d 1125, 1127. Garnishment proceedings generally are governed by La. C.C.P. arts. 2411-2417. *Id.* Garnishment of wages is governed by La. R.S. 13:3921, *et seq. Zurich Ins. Co. v. Harmon*, 95-0297, p. 2 (La.App. 1 Cir. 10/6/95), 671 So.2d 383, 384. Service

---

[2] Louisiana Code of Civil Procedure article 5002(A) provides that an appeal from a judgment rendered by a city court may only be taken within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.

4

upon the garnishee of the garnishment petition, citation, and interrogatories operates to seize any property of or credit due the judgment debtor held by the garnishee at the moment of service, though the amount and kind of such property will not be known until the garnishee answers. It is the garnishee's duty to answer all proper interrogatories and to make all proper disclosures concerning property of the debtor in its possession. *Wynnco Const., LLC v. Bergeron*, 2013-0250, p. 3 (La.App. 1 Cir. 11/4/13), 136 So.3d 823, 825; La. C.C.P. art. 2411(B). The garnishee must file his sworn answers to the interrogatories within fifteen days from the date of service. La. C.C.P. art. 2412(D).[3]

If the garnishee fails to answer the interrogatories propounded within the delays provided, the judgment creditor may proceed by contradictory motion against the garnishee for a judgment *pro confesso*, i.e., a judgment against the garnishee for the full amount of the judgment, plus interest and costs. *Wynnco Const., LLC*, 2013-0250 at p. 4, 136 So.3d at 826; La. C.C.P. art. 2413(A). A contradictory hearing is required in order for a judgment *pro confesso* to be rendered against the garnishee. *Houma Mortgage & Loan, Inc. v. Marshall*, 94-0728, p. 7 (La.App. 1 Cir. 11/9/95), 664 So.2d 1199, 1204. Failure by the garnishee to answer is prima facie proof that the garnishee has property of or is indebted to the judgment debtor. This prima facie case may be rebutted by the garnishee by presenting evidence of its actual debt or lack thereof to the judgment debtor. *Id.* Following the contradictory hearing, judgment will then be rendered against the garnishee unless the garnishee proves that he has no property of and is not indebted to the judgment debtor. La. C.C.P. art. 2413(B). Stated another way, pursuant to La. C.C.P. art. 2413, the garnishee is liable to the judgment creditor for the full amount of the unpaid debt when the garnishee fails to answer and fails to prove at a contradictory hearing that he has no property of and is not indebted to

---

[3] This provision has since been amended by 2022 La. Acts No. 265, effective 8/1/22, to provide a thirty-day period for a garnishee to answer garnishment interrogatories.

the judgment debtor. *Houma Mortgage & Loan*, 94-0728 at p. 8, 664 So.2d at 1205. Additionally, regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee who failed to answer for the costs and a reasonable attorney fee for the motion. La. C.C.P. art. 2413(C).

Specialized procedures exist for the garnishment of wages. La. R.S. 13:3921 *et seq.* Louisiana Revised Statutes 13:3923[4] provides:

> It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases, but the court shall render judgment for the monthly, semimonthly, weekly or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnisher shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include, but not be limited to, the principal, interest, court costs incurred to date, and attorney's fee due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. *Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.* (Emphasis added.)

Thus, while a default judgment for the full amount of the unpaid debt may be rendered against an employer who fails to timely answer wage garnishment interrogatories and fails to rebut the prima facie case presented at the contradictory hearing, the court thereafter has discretion to reopen the case upon a proper showing pursuant to La. R.S. 13:3923. *Houma Mortgage & Loan, Inc. v. Marshall*, 94-0728, p. 8 (La.App. 1 Cir. 11/9/95), 664 So.2d 1199, 1205.

Louisiana Fish Fry argues on appeal that the trial court erred in rendering the judgment *pro confesso* for the entire amount of the debtor's debt, in advance of any wages earned, regardless of whether Louisiana Fish Fry held any property of the

---

[4] This provision has been amended by 2022 La. Acts No. 265, effective 8/1/22, to, among other things, provide that "Nothing in this Section is meant to affect judgments rendered pursuant to Code of Civil Procedure Article 2413 [Effect of garnishee's failure to answer]."

debtor. This argument lacks merit. Article 2413(A) provides that where the garnishee fails to answer the garnishment interrogatories within the time provided by law, the judgment creditor may seek a judgment against the garnishee for the amount of the unpaid judgment, with interest and costs. At the contradictory hearing, the garnishee is given an opportunity to present evidence of the actual indebtedness, employment of the debtor, character of the employment, prior garnishments, and other facts relevant to the garnishment proceedings. *Tower Credit, Inc.*, 2001-2875 at p. 4, 825 So.2d at 1128. Louisiana Fish Fry did not take advantage of this opportunity, and the trial court did not err in rendering the judgment for the entire amount as provided by Article 2413(A).

Louisiana Fish Fry also argues on appeal, as well as in its application for supervisory review, that the trial court erred in failing to reopen the garnishment proceedings and vacate the judgment *pro confesso* after Louisiana Fish Fry demonstrated (via attachments to its motion) that the debtor was no longer employed. Louisiana Revised Statutes 13:3923 provides that where judgment by default is taken against the garnishee, he *may* obtain a reopening of the case upon proper showing <u>and</u> *within the discretion of the court*. Although the trial court certainly could have, in its discretion, reopened the garnishment proceeding against Louisiana Fish Fry and vacated the judgment *pro confesso*, Louisiana Fish Fry was not entitled to the relief under the clear language of the statute. Appellate review of discretionary decisions by a trial court is conducted under the "abuse of discretion" standard of review. *Quality Environmental Processes, Inc. v. IP Petroleum Company, Inc.*, 2016-0230, p. 22 (La.App. 1 Cir. 4/12/17), 219 So.3d 349, 375. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. *Id.* The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. *Id.* A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is

7

contrary to substantiated competent evidence. *Id.* Considering the circumstances of this case, especially that Louisiana Fish Fry was served with both the garnishment interrogatories and the rule on the motion for judgment *pro confesso* and failed to respond in any way or appear until a judgment *pro confesso* was rendered against it, we cannot say that the trial court acted capriciously or in an arbitrary manner. Although the result in this matter is harsh, under the facts of this case, the trial court did not abuse its discretion when it declined to reopen the garnishment proceedings and vacate the judgment *pro confesso.*

Finally, Louisiana Fish Fry argues that the trial court erred in granting the judgment *pro confesso* without any evidence admitted in the record. Louisiana Fish Fry cites La. C.C.P. art. 4904, which governs default judgments in parish and city courts. However, the controlling statute in this case, La. C.C.P. art. 2413, provides that the failure of the garnishee to answer prior to the filing of the contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs, and that judgment *shall* be rendered against the garnishee unless he appears and makes an appropriate showing to rebut the prima facie case. The record before the court in this case clearly shows that no answer was filed by Louisiana Fish Fry to the garnishment interrogatories, thereby creating a prima facie case under the statutory provisions, which Louisiana Fish Fry failed to put forth any evidence to rebut. This assignment of error lacks merit.

We recognize that the result of the judgment *pro confesso* is harsh. However, the language of La. C.C.P. art. 2413 is clear. Any relief from the harshness of this result must come from the legislature.

## CONCLUSION

For the reasons set forth herein, we are constrained to affirm the October 6, 2020 judgment of the trial court. Louisiana Fish Fry's supervisory writ

8

application, seeking review of the November 3, 2020 denial of its motion to reopen/vacate, is likewise denied. Costs of this appeal are assessed to appellant, Louisiana Fish Fry Products, LTD.

**AFFIRMED; WRIT DENIED.**

TOWER CREDIT, INC.

VERSUS

CHAD J WILLIAMS

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBERS 2022 CA 0106
2021 CW 1509

**CHUTZ, J.**, dissenting.

Irrespective of whether appellate review is based on an appeal of the judgment pro confesso or the writ taken in conjunction with the city court's denial of the garnishee's motions to reopen the garnishment and vacate the judgment pro confesso, I believe the city court abused its discretion in refusing to reopen the case. Thus, the city court's judgment should be reversed and the matter remanded for a hearing to ascertain what amount, if any, of the judgment debtor's garnishable property the garnishee had at the time of service of the garnishment interrogatories.

After Tower Credit, Inc. (Tower Credit) obtained a default judgment against its debtor, Chad J. Williams, it proceeded against Williams' alleged employer garnishee, Louisiana Fish Fry (Fish Fry). Tower Credit served Fish Fry with garnishment interrogatories and, after Fish Fry failed to answer, sought and obtained a default pro confesso judgment by contradictory hearing against Fish Fry. Although Fish Fry was duly notified prior to the hearing, it did nothing to represent itself. Only after the imposition of a money judgment in the amount of over $18,000.00, along with interest, costs, and attorney fees, did Fish Fry appreciate its inaction had resulted in a significant judgment against it.

At that point, through legal counsel, Fish Fry attempted to reopen the garnishment proceeding and have the money judgment rendered against it in the full amount that Williams owed Tower Credit vacated, alleging that Williams had not worked for Fish Fry since the date that the garnishment interrogatories had been served. Attached to its motion to reopen were documents supporting Fish Fry's

assertions. The city court denied Fish Fry's motions without a hearing or an explanation as to the basis for its denial.

As noted by the majority, in this garnishment context, two statutory systems are implicated. La. C.C.P. arts. 2411-2417 set forth the general garnishment rules. And specific revised statute articles, addressing the garnishment of wages, salaries, and commissions, are provided for in La. R.S. 13:3921-3928. It is the interplay of these two sets of garnishment articles before us.

La. C.C. art. 2413, entitled "Effect of garnishee's failure to answer," states in relevant part:

> If the garnishee fails to answer within the delay provided by [La. C.C.P. art.] 2412 [fifteen days from service of the interrogatories], the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs.

When the garnishee fails to answer before the judgment creditor files a contradictory motion, it is prima facie proof that the garnishee has the property of debtor to the extent of the judgment. In Subsection B, Article 2413 states:

> Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, **as provided in Article 2415**. [Emphasis added.]

La. C.C.P. art. 2415(B) expressly states that the remedy is not available in cases involving the garnishment of wages, salaries or commission. "Thus[,] the Code of Civil Procedure prohibits a default judgment in such instances and the Revised Statutes provide for relief when the article is misapplied. [La.] R.S. 13:3923." *Commercial Sec. Co., Inc. v. Corsaro*, 417 So.2d 1346, 1350 (La. App. 3d Cir. 1982).

2

According to La. R.S. 13:3923, specifically addressing the garnishment of wages, salaries, and commissions, the city court, "in its discretion may reopen the case upon motion of any party concerned for evidence affecting the proper continuation of [a] judgment" rendered in favor of the creditor as fixed by the court as to the debtor's nonexempt portion; and "all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee." Noticeably absent is any provision setting forth the effect to be given the garnishee's failure to answer the served interrogatories.

Thus, where an employer fails to timely answer wage garnishment interrogatories a default judgment may be rendered against him pursuant to La. C.C.P. Art. 2413, but the court has discretion thereafter to reopen the case pursuant to La. R.S. 13:3923. *Corsaro*, 417 So.2d at 1350 (citing ***Beneficial Finance Company of Louisiana v. Haviland***, 411 So.2d 1102 (La. App. 4th Cir. 1982)). The provisions of Article 2413, allowing for attorney fees and costs against the garnishee, are consistent with the statutes pertaining to wage garnishment and amply protect the seizing creditor against the inconvenience occasioned by the failure of the garnishee to answer the interrogatories. See *Corsaro*, 417 So.2d at 1351. See also La. C.C.P. art. 2413(C) ("Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion.").

The purpose and intent of the statutes addressing the garnishment of wages, salaries, and commissions are quite clearly reflected from its provisions. La. R.S. 13:3923 was designed to give to a creditor the right to seize and have paid to him a fair portion of the wage or salary accruing to his debtor so long as such debtor is employed. In such a case, the statute does not attempt to go further. When the employment ceases, the judgment ordering the garnishee to pay over a part of the

3

employee's salary to his judgment creditor also ceases to have effect. If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing. *Corsaro*, 417 So.2d at 1350 (citing *Julius Aaron and Son v. Berry*, 165 So. 496 (La. App. 2d Cir. 1936)). Allowing the garnishee who failed to respond to garnishment interrogatories and permitted rendition of a judgment pro confesso against it to reopen the garnishment proceedings and present evidence is consistent with the purpose of the wage garnishment statutes.

Therefore, as the law stands, the garnishee cannot be penalized for the benefit of the debtor due to its failure to answer by imposing the total judgment upon the one who is merely a stakeholder. The garnishee has established a prima facie showing of a meritorious defense—the improperly rendered default judgment. *Corsaro*, 417 So.2d at 1351. As such, I would reverse the city court's denial of Fish Fry's motions to reopen and vacate and would remand for the hearing permitted under La. R.S. 13:3923. Accordingly, I dissent.